UNITED STATES *v.* WATSON and others.

(*District Court, N. D. Mississippi, W. D.* July 7, 1883.)

1. CONSPIRACY—COMMON LAW.
   By the common law a conspiracy is an agreement between two or more persons to do some unlawful act, or to do a lawful act in an unlawful manner. The agreement itself constitutes the offense, whether an act is done in furtherance of the object or not.

2. SAME—ACTS OF CONGRESS.
   By acts of congress the conspiracy to do numerous acts stated in the different sections of the Revised Statutes and acts of congress are made offenses, and in which the agreement to do the forbidden act constitutes the offense, whether any act is done in furtherance of the object or not.

3. SAME—REV. ST. § 5440.
   To constitute a good information or indictment under section 5440 of the Revised Statutes, it must charge that the conspiracy was to do some act made a crime by the laws of the United States, and must state with sufficient certainty the offense intended to be committed, and must then state some act done by one of the conspirators towards effecting the object of the conspiracy.

4. PLEADING—SETTING OUT WRITTEN DOCUMENT.
   By all rules of pleading, criminal as well as civil, when a written document is relied on to sustain the prosecution or plaintiff's case, it must be set out either *verbatim* or in substance, and not a statement of the opinion of the pleader

v.17,no.2—10

as to the effect it was intended to or might produce; and a criminal information that does not give the substance of a document relied on, but only its effect, is not sufficient.

5. SAME—CRIMINAL INFORMATION—MOTION TO QUASH GRANTED.
     As the information in this case does not contain a sufficient averment of any act done by any one of the conspirators to effect and carry out the object and purpose of the alleged conspiracy, it must be quashed.

Motion to Quash Information.

*G. C. Chandler*, U. S. Atty., for the United States.

*J. W. C. Watson*, and *H. A. Barr*, for defendants.

HILL, J.   The questions now for decision arise upon defendants' motion to quash the information against them.   The information in substance states and charges as follows:   That an election was held in the second congressional district of this state, on the seventh day of November, 1882, for a representative for said district in the forty-eighth congress of the United States; that the defendants conspired, confederated, and agreed together to procure from the governor, lieutenant governor, and secretary of state of this state the appointment of one Dunlap as one of the commissioners of election for Marshall county; that said Dunlap was wholly unsuitable to discharge the duties of said office; and that there were competent persons of different political parties then and there to discharge the duties of said office who could have been appointed to discharge the duties of said office of commissioner of election for said county.   The information further charges that said defendants conspired, combined, confederated, and agreed together to procure one Johnston to be appointed one of the inspectors for said election for the eastern precinct of the town of Holly Springs, and that said Johnston was then and there wholly illiterate, unable to read or write, and not a fit or suitable person to discharge the duties of said office.   The information further states the names of the county commissioners for said election for the counties of De Soto, Lafayette, Benton, Tippah, and Marshall, respectively, and charges that it was the duty of said commissioners, within 10 days after said election, to make out and transmit to the secretary of state of said state a statement of the whole number of votes given in their respective counties for each candidate voted for at said election.   The information charges that the defendants did knowingly and unlawfully conspire, confederate, and agree among themselves to advise, counsel, and procure all the said commissioners of election aforesaid to omit, refuse, and neglect to perform their duties in relation to the making the returns of said election in manner and form as aforesaid, and did then and there invite and solicit the assistance of other persons, naming them, to incite, counsel, procure, and advise the said commissioners of election to change their statement to the secretary of state of the votes cast in their respective counties,—cast for the persons voted for at said election,—so as to make only a partial statement of the votes cast as aforesaid for representative in congress aforesaid.   The information further charges

that the defendants combined, confederated, conspired, and agreed together to counsel, advise, and procure the commissioners of election for Marshall county to transmit, with their statement of all the votes cast at said election for each candidate for representative in congress as aforesaid, a protest or statement to the effect that their statement of votes of said county so transmitted was made under the influence or threats of J. R. Chalmers and the United States attorney for said district, which was scandalous in this: that it was calculated and intended to vitiate and destroy their own official statement of the votes so cast and transmitted by them.    The information then charges that the defendants did then and there unlawfully and knowingly conspire, combine, confederate, and agree together, by unlawful means, by advice, counsel, and procurement, aforesaid, and by other means unknown to the district attorney, to procure from the secretary of the state of Mississippi a false count of the votes cast for representative in congress aforesaid, and from the governor of said state a certificate of the election of Van H. Manning as representative as aforesaid, well knowing that then and there he, the said Van H. Manning, had not received the largest number of votes given in at said election, and well knowing that James R. Chalmers had received the largest number of votes given in at said election, and that he was lawfully and duly elected as such representative in congress, and was entitled to said certificate.    The objection taken to the information, and grounds relied upon to sustain the motion insisted upon in argument, are—*First,* that it charges no offense known to the law; and, *secondly,* that it charges different acts, which, if constituting offenses cognizable in this court, are contained in one count, and therefore multifarious.

The first objection will be first considered, and will be decisive of the case.    It is insisted upon the part of the prosecution that there is but one offense charged in the information, and that is a conspiracy to obtain from the secretary of state a false count of the votes cast for the persons voted for in said election, and a false certificate from the governor certifying that Van H. Manning had received the largest number of votes cast at said election, and that he was duly elected as such representative, and that the other acts stated constituted the evidence of the truth of said charge.    We will consider the charge as being as stated, and as only alleging one offense—a conspiracy, as stated.    By the common law a conspiracy is an agreement between two or more persons to do some unlawful act, or to do a lawful act in an unlawful manner.    The agreement itself constitutes the offense, whether an act is done in furtherance of the object or not.    By acts of congress the conspiracy to do numerous acts stated in the different sections of the Revised Statutes and acts of congress are made offenses, and in which the agreement to do the forbidden act constitutes the offense, whether anything is done in furtherance of the purpose agreed upon or not.    But the acts set out in

the information are not embraced in either of them; and, as this court has no jurisdiction of common-law offenses, we must look further into the statutes of congress to see whether or not there is any section under which the information can be maintained. Section 5440, Rev. St., is as follows:

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable to a penalty of not less than one thousand dollars and not more than ten thousand dollars, and to imprisonment not more than two years."

It is clear that, under this section, to constitute a criminal offense, something must be done by one or more of the conspirators to effect the object of the conspiracy. The object of the conspiracy or the thing to be done must be to commit some offense against the United States; that is, to do some act made a crime by the laws of the United States, or to defraud the United States. This law was enacted March 2, 1867,—some time before most of the conspiracy acts first referred to became laws.

To constitute a good information or indictment under this section, it must charge that the conspiracy was to do some act made a crime by the laws of the United States, and must state with sufficient certainty the acts intended to be effected or carried out by the conspiracy or agreement of the parties; in other words, must sufficiently state the offense intended to be committed, and must then state some act done by one of the conspirators towards effecting the object of the conspiracy.

The next question is, does the information charge a crime against the United States, which, by the conspiracy and the agreement charged, was intended to be committed by the conspirators, or either of them? The offense charged is a fraudulent count of the votes cast, to be made by the secretary of state, the purpose of which, as charged, was the procurement of a false certificate of election by Van H. Manning, instead of by James R. Chalmers, who, as it is alleged, was entitled to it. Section 5515 of the Revised Statutes, in relation to congressional elections, adopts the laws of the state in relation to elections. Section 141 of the Code of 1880 makes it the duty of the secretary of state to receive the statements and returns made to his office within not more than 30 days after such election, to sum up the whole number of votes given for each candidate, and ascertain the person having the greatest number of votes for each office, and shall declare such person or persons to be duly elected, and thereupon all persons chosen to any office at such election shall be commissioned by the governor; and if the secretary neglects to perform these duties, or knowingly and fraudulently makes out an untrue or false statement with the intent to affect the election or the result thereof, it would constitute an offense against the United States,

as declared in section 5515. Section 5511, among other things, makes it an offense against the United States for any person to interfere in any manner with any officer of a congressional election, in any manner, in the discharge of his duties. This refers to officers holding the election; but the same section provides that it shall be an offense for any person, by force, threat, intimidation, bribery, or reward, or offer thereof, or by any other unlawful means, to induce any officer of election, or officer whose duty it is to ascertain, announce, or declare the result of such election, or give or make any certificate, document, or evidence in relation thereto, to violate or refuse to comply with his duty, or any law regulating the same.

The secretary of state is one of the officers referred to in this last paragraph, and any unlawful means used to induce him to make a false count of the votes cast in such election would constitute an offense against the United States. By unlawful means is meant any fraudulent means, as well as the means expressed in the statute as unlawful. As a matter of course it would not embrace argument of counsel, or statements made by parties in good faith, believing them to be true, and which would leave the mind of the officer free to exercise his unbiased judgment.

I am of opinion that the means intended to be brought to bear upon the secretary of state to induce him to make a false count should be stated so as to enable the court to determine their lawfulness or unlawfulness.

The precise date at which the alleged conspiracy was formed is not given, but it is alleged that at the time it was known to the alleged conspirators that Van H. Manning had not received a majority of the votes cast, and was not entitled to the certificate of his election, and that they did know that James R. Chalmers had received a majority of the votes cast at said election, and was entitled to a certificate of his election. Consequently the alleged conspiracy must have taken place after the election, and consequently the appointment of Dunlap and Johnson, as officers of the election, must have been made before that time, and not contemplated as a means of effecting the conspiracy, and need not be further considered. The allegation that the defendants conspired and agreed together to induce the commissioners of election to make partial, and consequently false and fraudulent, returns of the votes cast, if true, and if any steps were taken or acts performed in carrying into effect the purpose of such conspiracy, would constitute a separate and independent offense against the United States; but as the offense charged in the information is a false count of the votes returned, it cannot be held as an act to carry into effect the false count charged.

The other, and I believe only other, act charged to have been done to effect the conspiracy is the alleged protest sent to the secretary with their return and statement to the secretary of state by the commissioners of Marshall county. By all rules of pleading, criminal as

well as civil, when a written document is relied on to sustain the prosecution or plaintiff's case, it must be set out either *verbatim* or in substance, and not a statement of the opinion of the pleader as to the effect it was intended to or might produce. The information does not undertake to give the substance of the document mentioned, but only its effect. I am of opinion that this is not sufficient, especially in a criminal charge. Had section 5440, referred to, and the only one upon which the charge for conspiracy in the case can be maintained, not required to constitute the offense some overt act to be committed by one of the conspirators, I am of opinion there is enough in the information to require the defendants to plead to it; but, when closely examined, I do not find a sufficient averment of an act done by any one of the conspirators to effect and carry out the object and purpose of the alleged conspiracy, and for the want of which the motion to quash must be sustained, with leave to the district attorney to prefer one or more indictments before the grand jury now in session for any of the alleged wrongful acts stated in the information.