## SCOTT v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. June 7, 1904.)

### No. 1,299.

**1. CONSPIRACY—OFFENSE AGAINST UNITED STATES—VIOLATION OF NATIONAL BANKING ACT.**

A conspiracy to violate Rev. St. § 5209 [U. S. Comp. St. 1901, p. 3497], by causing false entries to be made in the books of a national bank by an officer or agent thereof for the purpose of defrauding the bank or others, or deceiving an agent appointed to examine the affairs of the bank, is one to commit "an offense against the United States," within the meaning of section 5440 [U. S. Comp. St. 1901, p. 3676], and is indictable thereunder.

**2. SAME—ELEMENTS OF OFFENSE—ACT OF ONE CONSPIRATOR ACT OF ALL.**

An indictment, under Rev. St. § 5440 [U. S. Comp. St. 1901, p. 3676], against two defendants, charging them with a conspiracy to commit an offense against the United States by making certain false entries in the books of a national bank of which one of the defendants was an officer, in violation of Rev. St. § 5209 [U. S. Comp. St. 1901, p. 3497], is not bad because, in stating the details of the overt act committed by defendants, it is averred that the entries which were made in the books of the bank were made by the hand of the defendant who was not an officer thereof; it being averred that both defendants were present and participated in the carrying out of the plan formed between them to make such entries.

In Error to the District Court of the United States for the Southern District of Ohio.

The plaintiff in error and one Harry J. Hoover were indicted, under section 5440 of the Revised Statutes of the United States [U. S. Comp. St. 1901, p. 3676], for conspiring to commit an offense against the United States; the offense being the making of certain false entries in a book of the People's National Bank of Newark, Ohio, in violation of section 5209 [U. S. Comp. St. 1901, p. 3497]. The plaintiff in error was convicted on a plea of nolo contendere, reserving his objections to the sufficiency of the indictment by a demurrer and a motion in arrest of judgment, both of which were overruled.

Section 5440 reads as follows:

"If two or more persons conspire either to commit any offense against the United States or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy all the parties to such conspiracy shall be liable to a penalty of not more than ten thousand dollars, or to imprisonment for not more than two years or to both fine and imprisonment in the discretion of the court."

Section 5209 provides:

"Every president, director, cashier, teller, clerk, or agent of any association, * * * who makes any false entry in any book, report, or statement of the association, with intent, in either case, to injure or defraud the association or any other company, body politic or corporate, or any individual person, or deceive any officer of the association, or any agent appointed to examine the affairs of any such association; and every person who with like intent aids or abets any officer, clerk, or agent in any violation of this section, shall be deemed guilty of a misdemeanor and shall be imprisoned not less than five years nor more than ten."

The indictment contains three counts, which differ only in the averments of intent. The first count charges that the entries were made with intent to

injure and defraud the banking association; the second, that they were made with intent to deceive certain officers of the association, to wit, the president and directors thereof; and the third, that they were made with intent to deceive any agent appointed in accordance with law to examine the affairs of the association.

The first count reads as follows:

"1st Count. Sec. 5440, R. S. U. S. (1st Supp. p. 264). Sec. 5209, R. S. U. S. The grand jurors of the United States of America, duly impaneled, sworn, and charged to inquire, within and for the Eastern Division of said district, upon their oaths and affirmations present that Harry J. Hoover and Harry P. Scott on, to wit, the first day of July, in the year of our Lord, one thousand nine hundred and two, in the county of Licking, in the state of Ohio, in the circuit and Eastern Division of the district aforesaid, and within the jurisdiction of this court, did then and there unlawfully and willfully conspire together and with each other to commit an offense against the United States, that is to say, to violate section 5209 of the Revised Statutes of the United States, by making certain false entries upon the Certificates of Deposit Register of the People's National Bank of Newark, Ohio, which said bank was then and there duly organized and established, and then and there existing and doing business under the laws of the United States, in the city of Newark, county of Licking, division and district aforesaid; and said Harry P. Scott was then and there an officer of said banking association, to wit, teller.

"Said conspiracy was, in substance and effect, as follows, to wit:

"Prior to June 1, 1902, the said Harry J. Hoover was assistant cashier of said People's National Bank, and as such officer had theretofore unlawfully taken from the funds of said banking association, without the knowledge of the other officers or directors thereof, a sum of money in excess of $30,000. That upon June 1, 1902, he ceased to be an officer and employé of said banking association. That after he had ceased to be an officer of said banking association as aforesaid, and on the dates hereinafter mentioned, he purchased, or caused to be purchased, from the People's National Bank, of Newark, Ohio, a large number of certificates of deposit, some of which said certificates of deposit were made out in the name of fictitious persons. The date of the purchase of said certificates of deposit, the amount thereof, and the person to whom made payable, are as follows:

| No. | Date of Issue. | To Whom Payable. | Amount. |
|---|---|---|---|
| 56,555. | June 12, 1902. | H. J. Hoover, cashier | $10,000 00 |
| 56,577. | June 12, 1902. | H. J. Hoover, cashier | 6,000 00 |
| 56,786. | June 27, 1902. | H. J. Hoover, cashier | 5,000 00 |
| 56,665. | June 18, 1902. | John R. Morrison | 1,446 50 |
| 56,788. | June 28, 1902. | Samuel W. Floyd | 725 00 |
| 56,790. | June 28, 1902. | J. R. Dunlop | 525 00 |
| 56,791. | June 28, 1902. | H. L. Boring | 375 00 |
| 56,793. | June 28, 1902. | Martin L. Sanford | 325 00 |
| 56,794. | June 28, 1902. | Martin L. Sanford | 50 00 |
| 56,813. | June 30, 1902. | J. G. Smith | 900 00 |
| 56,814. | June 30, 1902. | Silas Monroe | 900 00 |
| 56,815. | June 30, 1902. | James R. Campbell | 830 00 |

"And the grand jurors aforesaid, upon their oaths and affirmations, present that for the purpose of concealing the fact that he had unlawfully taken a large sum of money from the said People's National Bank as aforesaid, and with the intent to make certain false and fraudulent entries upon the books of said banking association, the said Harry J. Hoover and Harry P. Scott conspired together and with each other and agreed that the said Harry P. Scott, then and there an officer of said banking association as aforesaid, was to permit and assist the said Harry J. Hoover in entering said bank after business hours, and after the other officers had left its place of business, for the purpose and with the intention of making certain false entries in the Certificate of Deposit Register of said banking association, a book purporting to show the actual receipts and payments upon interest-bearing accounts and deposits received by the said banking association, which accounts are not subject to check, and for which certificates of deposit are issued, and also pur-

porting to show a memorandum, giving the name of depositor, date of receipt, and payment, with number of certificate and the amount thereof. It was a part of said conspiracy, and agreed to by and between the said Harry J. Hoover and Harry P. Scott, that the said Harry J. Hoover would stamp or mark in the column in said Certificate of Deposit Register, under the word 'Paid,' certain dates, which said dates, placed in said column as aforesaid, would then and there and thereafter show, indicate, and declare that the said certificates so marked with the date in the column under the word 'Paid,' as aforesaid, were upon said dates paid.

"That thereafter, on the first day of July, 1902, said Harry J. Hoover and Harry P. Scott did a certain overt act to effect the object of said conspiracy, to wit, said Harry P. Scott permitted and assisted the said Harry J. Hoover to enter said bank after business hours, and while the officers of said banking association were away, with full knowledge of his intention and purpose, and while he was present in said bank the said Harry J. Hoover marked in the Certificate of Deposit Register, in the column under the word 'Paid,' certain dates, to wit:

"On certificate No. 56,555, issued June 12, 1902, to H. J. Hoover, cashier, in the sum of $10,000.00, the date 'June 30, 1902,' was entered.

"On certificate No. 56,577, issued June 12, 1902, to H. J. Hoover, cashier, in the sum of $6,000.00, the date 'June 30, 1902,' was entered.

"On certificate No. 56,786, issued June 27, 1902, to H. J. Hoover, cashier, in the sum of $5,000.00, the date 'July 1, 1902,' was entered.

"On certificate No. 56,655, issued June 18, 1902, to John R. Morrison, in the sum of $1,446.50, the date 'June 21, 1902,' was entered.

"On certificate No. 56,788, issued June 28, 1902, to Samuel W. Floyd, in the sum of $725.00, the date 'July 1, 1902,' was entered.

"On certificate No. 56,790, issued June 28, 1902, to J. R. Dunlop, in the sum of $525.00, the date 'July 1, 1902,' was entered.

"On certificate No. 56,791, issued June 28, 1902, to H. L. Boring, in the sum of $375.00, the date 'June 30, 1902,' was entered.

"On certificate No. 56,793, issued June 28, 1902, to Martin L. Sanford in the sum of $325.00, the date 'June 30, 1902,' was entered.

"On certificate No. 56,794, issued June 28, 1902, to Martin L. Sanford, in the sum of $50.00, the date 'June 30, 1902,' was entered.

"On certificate No. 56,813, issued June 30, 1902, to J. G. Smith, in the sum of $900.00, the date 'July 1, 1902' was entered.

"On certificate No. 56,814, issued June 30, 1902, to Silas Monroe, in the sum of $900.00, the date 'July 1, 1902,' was entered.

"On certificate No. 56,815, issued June 30, 1902, to James R. Campbell, in the sum of $830.00, the date 'July 1, 1902,' was entered.

"Which said entries placed in said Certificate of Deposit Register as aforesaid were false and fraudulent entries, and caused the Certificate of Deposit Register in said bank to appear as if all of the aforesaid certificates of deposit had been paid upon the respective dates aforesaid, while in truth and in fact the said entries were false and fraudulent, in this, to wit, that neither of said certificates of deposit aforesaid were paid at the date of said fraudulent entry as aforesaid, but are still outstanding obligations against said banking association, as they, the said Harry J. Hoover and Harry P. Scott, well knew.

"And the grand jurors aforesaid, upon their oaths and affirmations, do further present that said false entries were then and there made as aforesaid in the book of said banking association as aforesaid, and said conspiracy entered into by said Harry J. Hoover and Harry P. Scott as aforesaid, with the intent on the part of them, the said Harry J. Hoover and Harry P. Scott, to injure and defraud said banking association, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the United States of America."

It is contended the indictment is bad: (1) Because a violation of section 5209 is not "an offense against the United States," not being aimed directly at the government itself. (2) Because it does not charge that the defendants below conspired to commit or did commit acts constituting a violation of section 5209. The alleged object of the conspiracy was the making of certain

false entries, not by the plaintiff in error, who was an officer of the bank, but by Hoover, who was not an officer of the bank.

Charles W. Miller and Kibler & Kibler, for plaintiff in error.

Sherman T. McPherson, U. S. Atty., and Thomas H. Darby, Asst. U. S. Atty.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

RICHARDS, Circuit Judge, after making the foregoing statement, delivered the opinion of the court.

1. Section 5440 was originally enacted March 2, 1867. Chapter 169, § 30, 14 Stat. 484 [U. S. Comp. St. 1901, p. 3676]. The conspiracy then made punishable was one "to commit any offense against the laws of the United States, or to defraud the United States in any manner whatever." In the revision the phraseology was changed to its present form, "to commit any offense against the United States or to defraud the United States in any manner or for any purpose." This was a mere change of form. The meaning remained the same. The object of the conspiracy must be to commit some offense against the United States in the sense only that it must be to do some act made an offense by the laws of the United States. Such has been the uniform holding of the courts of the United States. U. S. v. Martin, 4 Cliff. 156, Fed. Cas. No. 15,728; U. S. v. Sanche (C. C.) 7 Fed. 715, 717; U. S. v. Watson (D. C.) 17 Fed. 145, 148; In re Wolf (D. C.) 27 Fed. 606, 611; Bannon v. U. S., 156 U. S. 464, 15 Sup. Ct. 467, 39 L. Ed. 494; Stokes v. U. S., 157 U. S. 187, 15 Sup. Ct. 617, 39 L. Ed. 667; Clune v. U. S., 159 U. S. 590, 595, 16 Sup. Ct. 125, 40 L. Ed. 269; France v. U. S., 164 U. S. 676, 17 Sup. Ct. 219, 41 L. Ed. 595; Reilley v. U. S., 106 Fed. 896, 46 C. C. A. 25; Francis v. U. S., 188 U. S. 375, 23 Sup. Ct. 334, 47 L. Ed. 508. A violation of section 5209 constitutes "an offense against the United States," within the meaning of section 5440.

2. But it is insisted that the indictment is bad because it does not directly aver that the false entries were intended to be made, and were made, by the plaintiff in error, who alone of the conspirators was an officer or agent of the bank. The indictment charges the conspiracy broadly, and then sets forth the details. It alleges that the plaintiff in error and Hoover conspired to violate section 5209 "by making certain false entries upon the certificate of deposit register of the People's National Bank of Newark, Ohio," the plaintiff in error then being an officer of said bank, to wit, teller. This is the broad charge. The details follow—that Hoover had been the cashier of the bank, and had unlawfully appropriated more than $30,000 of its funds; that, to cover up this shortage, the plaintiff in error (then teller) and Hoover entered into a conspiracy to make certain false entries in the certificate of deposit register; the plaintiff in error to admit Hoover into the bank outside of banking hours, lay before him the register, and Hoover to stamp or mark the false entries. It is distinctly averred that it was a part of the conspiracy agreed to by both that the false entries should be made. In criminal as in civil law, the maxim, "Qui facit per alium facit per se," is applicable. To violate section

5209, an officer of a bank does not have to make the false entry with his own hand. It is enough if he cause it to be made—if another make it by his direction. U. S. v. Harper (C. C.) 33 Fed. 471, 480. In the present case, not only were the entries made by the agreement and direction of the plaintiff in error, but in his presence and with his approval and assistance. He was a trusted officer of the bank, having access to its vault and books, and charged with a duty respecting them. Cognizant of Hoover's defalcation, he conspired with him to cover it up. To falsify the books, he took Hoover to the bank outside of banking hours, laid the books before him, and stood by while the false entries were made. It was as if he opened the book, and Hoover applied the stamp. Done for a common purpose, the act of each was the act of the other. As an instrumentality in carrying out the conspiracy, we can no more separate Hoover from the plaintiff in error than we can the stamp which Hoover held from the hand which applied it. The fact that Hoover could not violate section 5209 by personally making a false entry did not and could not serve to exempt the plaintiff in error from responsibility under that section for Hoover's act, when, by reason of the conspiracy, it became and was his own.

The judgment of the lower court is affirmed.