## UNITED STATES v. A. B. DICK CO. et al.

### Cr. No. 18981.

District Court, N. D. Ohio, E. D.

Feb. 12, 1947.

See also 7 F.R.D. 442.

Wendell Berge, of Washington, D. C., Robert A. Nitschke, of Shaker Heights, Ohio, Lester L. Jay, of New York City and Don C. Miller, of Cleveland, Ohio, for the United States.

Charles A. Horsky, H. Thomas Austern and W. Graham Claytor, all of Washington, D. C., and H. J. Crawford and J. H. Dempspy, Jr., both of Cleveland, Ohio, James M. Carlisle and Lucius F. Robinson, Jr., both of Hartford, Conn., E. T. Kinder and Patrick Mulligan, both of Cleveland, Ohio, Geo. Link, Jr., Francis S. Levien, and Milton Handler, all of New York City, for defendants.

FREED, District Judge.

The various motions herein made by the several defendants were argued at great length and comprehensive briefs were filed in support of and in opposition to the motions.

■ I. The defendants, Aldine Paper Co. and Harry S. Gould, for convenience hereafter referred to as the "Aldine defendants," move to dismiss the first and second counts of the indictment, contending that, as against them, they do not state facts which constitute an offense under the laws of the United States.

The gist of the Aldine contention is that there are not sufficient operative facts recited which bind them to the alleged conspiracies. In fact, they assert that the allegations are bare legal conclusions.

Analysis of the indictment discloses that all of the defendants are accused of knowingly and continuously engaging in a combination in restraint of interstate and foreign commerce and in a combination and conspiracy to monopolize interstate and foreign commerce in duplicating machines, stencils and duplicating supplies. The substantial features of the continuing agreement and concert of action of all of the defendants are recited. Specific charges of an alleged series of agreements are leveled and enumerated against the Aldine defendants relative to the alleged conspiracies beginning in 1942. It is stated that the agreements were carried out. A more detailed recital of the allegations is unnecessary to warrant the finding that the accusations against the Aldine defendants adequately state the offenses and are not mere conclusions of law.

The motion of the Aldine defendants upon the foregoing ground, therefore, is overruled.

■ II. The Aldine defendants, and the defendants, C. H. Dexter & Sons, Inc., Dexter D. Coffin and Herbert H. Griswold, for convenience hereafter referred to as the "Dexter defendants," move to strike Counts 1 and 2 of the indictment. The other defendants, A. B. Dick Co.; the Mimeograph Co., Ltd.; Albert B. Dick Jr. and Edison Dick, hereafter referred to as the "Dick defendants"; and the John A. Manning Paper Co., Inc. and James F. Adams, hereafter referred to as the "Manning defendants," move to compel the Government to elect between Counts 1 and 2 of the indictment, or, in the alternative, if the Government refuses to elect, to dismiss both counts.

These motions are predicated on the assertion that the first two counts charge but one offense and violate the Fifth Amendment of the Constitution which safeguards against double jeopardy.

Numerous decided cases are cited and discussed in the briefs in support of these motions. The Government's brief in reply points to the same authorities in opposition. Save for one exception, there appears to be no disagreement as to the principles of law announced. The divergent views arise from the application of the single controverted proposition to this particular indictment.

Obviously there is no dispute that aside from the fact that Count 1 charges the defendants with conspiring to restrain interstate and foreign commerce, U.S.C.A.,

440

Title 15, § 1, and Count 2 accuses them of conspiring to monopolize, U.S.C.A., Title 15, § 2, the recital of the things done by the various defendants for the purpose of forming and effectuating the combination by agreement and concerted action is identical in both counts.

There would be no purpose served by a trial court's discussion of law which is well recognized and undeniably established. There is a great prolixity of adjudicated cases by reviewing courts hearing upon the issue raised. A brief restatement will suffice.

The Fifth Amendment to the Constitution, in part, provides: " * * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *."

A single act, or the single steps of a completed transaction may violate two or more criminal statutes. Burton v. United States, 202 U.S. 344, 26 S.Ct. 688, 50 L.Ed. 1057, 6 Ann.Cas. 362; Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306; Albrecht v. United States, 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505; Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151, and, more recently, American Tobacco Co. v. United States, 328 U.S. 781, 66 S.Ct. 1125, 90 L.Ed. 1575.

■ To constitute two offenses identical, it must appear that they are the same in law and fact, regardless how nearly they may be connected in fact. Burton v. United States, supra.

Two offenses are not identical if one is legally distinct from the other. Montrose Lumber Co. v. United States, 10 Cir., 124 F.2d 573.

■ Sections 1 and 2 of the Sherman Act state separate and distinct offenses. American Tobacco Co. v. United States, supra; United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 60 S.Ct. 811, 84 L.Ed. 1129; United States v. Buchalter, 2 Cir., 88 F.2d 625; Montrose Lumber Co. v. United States, supra, and United States v. Shapiro, 2 Cir., 103 F.2d 775.

■ "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Blockburger v. United States, supra [284 U.S. 299, 52 S.Ct. 182]; American Tobacco Co. v. United States, supra.

The point of difference occurs in that the defendants urge that even though two counts in an indictment charge violations of two distinct statutory provisions, yet, if the factual statements which describe the manner or means of which both offenses allegedly were committed are the same, the defendants are subjected to double jeopardy. The Government vigorously challenges this interpretation.

■ In the opinion of this court, it is inherent in the law above stated that there is double jeopardy only where both the offences charged and the factual statements which describe the method or the means of committing them are identical. But if the offenses are different; that is, if the crimes alleged to have been committed are distinct in law, then no violation of the Fifth Amendment occurs.

■ That is precisely what is meant by the language of Mr. Justice Burton, in American Tobacco Co. v. United States, supra [328 U.S. 781, 66 S.Ct. 1128]:

" * * * we have here separate statutory offenses, one a conspiracy in restraint of trade that may stop short of monopoly, and the other a conspiracy to monopolize that may not be content with restraint short of monopoly. One is made criminal by § 1 and the other by § 2 of the Sherman Act.

"We believe also that in accordance with the Blockburger case, §§ 1 and 2 of the Sherman Act require proof of conspiracies which are reciprocally distinguishable from and independent of each other although the objects of the conspiracies may partially overlap."

If, from the proof adduced upon trial in support of the allegations made in the indictment, it should appear that there is no evidence to substantiate one or the other of the charges laid in the indictment, the occasion might arise when the test of the

proof of which Mr. Justice Burton speaks shall be required to be made by the court.

In the judgment of the court, therefore, both the motions to dismiss and to elect should be, and they hereby are, overruled.

III. The Dexter defendants move to strike Paragraph 54 of the indictment for the reason that the paragraph in question sets forth a summation of the effects of the alleged conspiracy. They maintain that Paragraph 54 is surplusage and conclusory and that it may excite prejudice against the defendants. At the same time, they admit that evidence, if available on the point, would be relevant and material.

It is apparent at once that Paragraph 54 of the indictment can scarcely be more prejudicial than evidence on the subject, if offered at the trial. The relevancy of the effects of a conspiracy in a Sherman Act prosecution is well settled. Board of Trade v. United States, 246 U.S. 231, 38 S.Ct. 242, 62 L.Ed. 683, Ann.Cas. 1918 D, 1207, and United States v. U. S. Steel Corp., D.C., 223 F. 55.

In American Tobacco Co. v. United States, supra, the court points out that: " * * * It is not the form of the combination or the particular means used but the result to be achieved that the statute condemns."

The court is fully able to protect the Dexter defendants against any possible prejudice during the course of the trial, should it develop that testimony on the subject of effects of the alleged conspiracy is wanting in the evidence.

The motion of the Dexter defendants to strike Paragraph 54 will be overruled.

IV. The Aldine defendants move for leave of court to extend the time to file additional motions before arraignment. In view of the pleas of not guilty by these defendants since the filing of this motion, no further action by this court is required.

V. Each of the defendants moves the court to require the Government to furnish a Bill of Particulars. The particulars sought are several hundred in number, and

cover the entire period of the alleged conspiracies.

The problem whether, in a given case, a bill of particulars will be granted, is addressed to the sound discretion of the court. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; American Tobacco Co. v. United States, supra; Rubio v. United States, 9 Cir., 22 F.2d 766, and Armour Packing Co. v. United States, 209 U.S. 56, 28 S.Ct. 428, 52 L.Ed. 681.

The court's discretion should be guided by the cardinal principles that the defendants are entitled to be advised before trial of the nature and cause of the accusation which they will be called upon to answer, and that the charge must be sufficiently clear and distinct so that those accused may be enabled to prepare their defense and to prevent them from being surprised by the type of evidence presented at the trial.

The extent to which the court should require particulars depends, in the last analysis, upon the facts and circumstances of each particular case.

It is true that: " * * * When it appears that the indictment does not inform the defendant with sufficient particularity of the charges against which he will have to defend at the trial, he is entitled to a bill of particulars * * *. The defendant may demand this as a matter of right, even though the indictment sets forth the facts constituting the essential elements of the offense with such certainty that it cannot be pronounced bad on motion to quash or demurrer, where the charge is couched in such language that the defendant is liable to be surprised and unprepared." Singer v. United States, 3 Cir., 58 F.2d 74, 76.

However, this does not mean that the Government can be required to make a complete disclosure of its entire case. That is not the function of a bill of particulars. Rubio v. United States, supra.

In accordance with this concept of the function of a bill of particulars, therefore, it is incumbent on the court to consider the request for each particular separately.