**UNITED STATES of America,
Plaintiff,**

v.

**Eqbal AHMAD et al., Defendants
(two cases).**

**Crim. Nos. 14886, 14950.**

United States District Court,
M. D. Pennsylvania.
July 9, 1971.

---

See also D.C., 53 F.R.D. 186, 194.

William S. Lynch, Deputy Asst. U. S. Atty., U. S. Dept. of Justice, Washington, D. C., S. John Cottone, U. S. Atty., Middle Dist. of Pennsylvania, Scranton, Pa., for plaintiff.

Leonard B. Boudin, Charles R. Nesson, Harvard Law School, Cambridge, Mass., Paul O'Dwyer, O'Dwyer & Bernstien, New York City, J. Thomas Menaker, Harrisburg, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

HERMAN, District Judge.

An "Order to Show Cause" has been filed with the court seeking (1) a dismissal of the above-captioned actions; (2) an injunction enjoining the government from discussing, releasing, or publicizing any alleged correspondence, documents, or evidence relating to the defendants in these actions; (3) a finding of contempt of court of the respondents, S. John Cottone, Esquire, United States Attorney, and William S. Lynch, Esquire, Deputy Assistant United States Attorney; (4) permission of the defendants, through their counsel, of inspecting the grand jury minutes; and (5) an order directing the respondents to inform the court and counsel whether their superiors in the United States Department of Justice had advance knowledge that evidentiary data, and particularly in handwritten form, would be included in the superseding indictment.

The order to show cause, together with an affidavit of Leonard B. Boudin, counsel for one of the named defendants, was presented to the Honorable Michael H. Sheridan, Chief Judge, Middle Dis-

trict of Pennsylvania, in which an interlocutory injunction pending disposition of the within matters was sought. Petitioners' request for temporary injunctive relief pending a hearing was denied, and the motion has been construed as a motion filed pursuant to Rule 12 of the Federal Rules of Criminal Procedure. A hearing date was fixed on the aforesaid motion and the issues there raised are now before the court.

Prior to a discussion of the issues a brief summary of the facts on record before this court should be noted. On January 12, 1971 a grand jury, sitting at Harrisburg, Pennsylvania, returned a True Bill, Criminal No. 14886, charging Eqbal Ahmad, Philip Berrigan, Elizabeth McAlister, Neil McLaughlin, Anthony Scoblick, and Joseph Wenderoth with violations of 18 U.S.C. §§ 371 and, 1201(c), together with six additional counts charging Elizabeth McAlister and Philip Berrigan with violations of 18 U.S.C. § 1791. On April 30, 1971 the grand jury returned an additional True Bill, Criminal No. 14950, in which the six above-named defendants and two others, John Theodore Glick, and Mary Cain Scoblick, were charged collectively with violations of 18 U.S.C. § 371; and individual defendants were charged with

violations of 18 U.S.C. §§ 876 and 2, and 18 U.S.C. § 1791.

In the second indictment Count II charges Elizabeth McAlister and Eqbal Ahmad with a violation of 18 U.S.C. §§ 876 and 2, and Count III charges Philip Berrigan with a violation of 18 U.S.C. §§ 876 and 2.[1] Counts II and III set forth *in haec verba* purported language extracted from the respective letters alleged to be in violation of 18 U.S.C. § 871 with which the defendants are charged. In addition, the second indictment appends and incorporates as exhibits, copies of the text of the alleged handwritten correspondence. The issues raised in this matter focus upon the incorporation of the two communications in the second indictment and an allegation by the defendants that the two communications were offered previously to national news magazines, "such as *Time* and *Life*," and that, "It is a reasonable inference that it was a government source that offered these documents."

It is initially argued by the defendants that "the inclusion of the letters cannot be justified on the ground that they are proper elements of an indictment under Rule 7(c) of the Federal Rules of Criminal Procedure."[2]

1. 18 U.S.C. § 876, entitled, "Mailing threatening communications," provides, in pertinent part:
   "Whoever knowingly deposits in any post office or authorized depository for mail matter, to be sent or delivered by the Post Office Department or knowingly causes to be delivered by the Post Office Department according to the direction thereon, any communication, with or without a name or designating mark subscribed thereto, addressed to any other person, and containing any demand or request for ransom or reward for the release of any kidnaped person, shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
   \* \* \* \* \*
   "Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, *addressed to any other person and containing any threat to kidnap any person* or any threat to injure the person of the

addressee or of another, shall be fined not more than $1,000 or imprisoned not more than five years, or both." (Emphasis supplied)
   18 U.S.C. § 2. Principals, provides:
   "(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
   "(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal."

2. Rule 7(c) provides:
   "The indictment or the information shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. It shall be signed by the attorney for the government. It need not contain a formal commencement, a formal conclusion or any other matter not necessary to such state-

It is defendants' position that the incorporation of the letters exceeds the requirement that the indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. The government responds that as a matter of form the requirement enunciated in Rule 7(c) has in fact been complied with, when the issue of sufficiency of the indictment is particularized to the violation charged; *inter alia*, transmitting through the United States mails a threatening communication.

Prior to the adoption of the Federal Rules of Criminal Procedure, the common law required that in indictments charging violations of sending threatening communications, forgery or libel, the threat, the libelous comment, or the forged instrument which are the substance of the offenses must be set forth *in haec verba* within the indictment. Bradlaugh v. The Queen, L.R. 3 B.D. 607 (1878). These principles were often repeated in the federal courts in this and similar type cases. Bartell v. United States, 227 U.S. 427, 33 S.Ct. 383, 57 L.Ed. 583 (1913) (obscenity case); Rosen v. United States, 161 U.S. 29, 16 S.Ct. 434, 40 L.Ed. 606 (1896) (obscenity case); Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709 (1895) (fraud); Wilson v. United States, 275 F. 307 (2d Cir. 1921) (use of mails to defraud); United States v. Watson, 17 F. 145 (D. C.Miss.1883) (conspiracy to procure a false count of votes); United States v. Noelke, 1 F. 426 (S.D.N.Y.1880) (lottery prohibition statute), but exceptions were carved into the rule where obscene printed matter was the substance of the offense. Durland v. United States, *supra*; Wilson v. United States, *supra*; Hume v. United States, 118 F. 689 (5th Cir.

1902); United States v. French, 57 F. 382 (C.C.S.D.Mass.1893). Otherwise, it was generally said or adopted " 'in every kind of a crime which consists in words, if the words complained of are not set out in the indictment or information, the objection is fatal in arrest of judgment,' " particularly as to the substantive crime of threats. Rosen v. United States, *supra*, at 36, 16 S.Ct. 434; Hume v. United States, *supra*; Bradlaugh v. Queen, *supra*.

Both parties cite as authority for their respective positions the case of Keys v. United States, 126 F.2d 181 (8th Cir. 1942), in which a similar issue, although in the reverse, was decided. Keys, the appellant, had been convicted of a violation of 18 U.S.C. § 408d(c), the forerunner of 18 U.S.C. § 875. He was charged with transmitting in interstate commerce a communication with the intent to extort things of value from the addressee and threatening the reputation of the addressee unless money and other things of value should be paid over to him. Keys, as in the cases heretofore cited, appealed his conviction on the grounds that the indictment was insufficient for failure of the grand jury to embody within the indictment a copy of the communication including the letter and the pamphlet which was the substance of the offense charged. The Eighth Circuit recognized that appellant's contention was a "serious" one (Keys v. United States, *supra*, at 183), and reiterated some of the cases discussed above. In rendering its decision the court cited the case of Cochran and Sayre v. United States, 157 U.S. 286, 290, 15 S.Ct. 628, 630, 39 L.Ed. 704 (1895), wherein it was said that the "true test" of an indictment is "not whether it might possibly have been made more certain, but [1]

ment. Allegations made in one count may be incorporated by reference in another count. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means. The indictment or information shall state for each count the official or customary citation of the statute, rule, regulation or other provision of law which the defendant is alleged therein to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or information or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice."

whether it contains every element of the offence intended to be charged, and [2] sufficiently apprises the defendant of what he must be prepared to meet, and, [3] in case any other proceedings are taken against him for a similar offence, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction." Implementing the "test" of an indictment set forth in *Cochran*, the Eighth Circuit cited the case of United States v. Goldsmith, 68 F.2d 5, 7 (2d Cir. 1933), cert. denied, 291 U.S. 681, 54 S.Ct. 559, 78 L.Ed. 1068, a case involving forged instruments, and adopted with approval the holding that " 'the defect in pleading was one which could be cured by verdict.' " Therefore, the court found that although the failure to embody the letters was in error, the defect was in form and not in substance of the indictment.

It is noteworthy that 42 C.J.S. Indictments and Informations § 144a and b (1944), as supplemented, provides:

"a.  In General

"When printed or written matter enters into an offense as a part or basis thereof it should be set forth in the indictment, at least in substance, and where constituting the gist of the offense it has been held by some authorities that an instrument should be set forth in haec verba or according to its tenor, and that a mere statement of its effect is insufficient. Where a writing is merely incidental, or is relied on as proof of the fact charged and not in itself an offense, or where the voluminous or obscene character of the instrument, or its loss or absence, precludes its being put into the record, it may be described generally without being set forth. In the latter case the indictment should aver the reason for failure to set forth the instrument and should describe it in substance and with sufficient particularity for identification. When an indictment sets out an exact copy of the instrument, such copy should be introduced by language importing that it is such.

"b.  Details of Description

"An indictment should set forth that portion of printed or written matter wherein the offense lies, but need not set forth all details or matter not forming a part of the instrument, such as indorsements. Under some practice the writing may be attached as an exhibit instead of being set out in the body of the indictment."

In addition to the cases set forth above where the indictments were assailed for failure of the grand jury to incorporate the words charged as a substantive offense, the court notes the following reported cases subsequent to the adoption of the Federal Rules of Criminal Procedure where the indictments incorporated the language of the writing or threat and they were not challenged for their inclusion of substantive words. United States v. Shapiro, 383 F.2d 680 (7th Cir. 1967) (defendant charged with a violation of 18 U.S.C. § 876, mailing a threatening letter; letter quoted in full); Whiting v. United States, 181 F.2d 643 (6th Cir. 1950) (defendant charged with threatening to injure, and extortion. Copies of letters incorporated as exhibits within the indictment); and United States v. Prochaska, 222 F.2d 1 (7th Cir. 1955) (defendant charged with transmitting a letter through the mails under 18 U.S.C. § 876. The letter was set forth verbatim in the indictment).

Relating Rule 7(c) of the Federal Rules of Criminal Procedure to the above, it appears the assailed verbatim letters incorporated in the indictment here, fall within the requirement that the indictment "be a plain, concise and *definite written statement of the essential facts*". (Emphasis supplied)

It has been said that the allegations must be facts and not conclusions of law as to the essential elements of the offense charged. United States v. Young, 113 F. Supp. 20 (D.D.C.1953), aff'd, 94 U.S.App. D.C. 54, 212 F.2d 236 (D.D.C.1954), cert. denied, 347 U.S. 1015, 74 S.Ct. 870, 98 L.Ed. 1137, and the court cannot say as a matter of law that the incorporation of

the letters in this indictment where the thrust of the offense is the threat contained therein exceeds the scope of Rule 7(c).

▮ Even if the court were to find that the incorporation of the letters was without the scope of Rule 7(c), which the court does not find, it appears that the defendants' remedy is found in Rule 7(d),[3] not by motion to dismiss. Dranow v. United States, 307 F.2d 545 (8th Cir. 1962). The appropriate remedy for counts which contain a prejudicial surplus is a motion to strike the surplusage rather than dismissal of the count in its entirety. United States v. Goodman, 285 F.2d 378 (5th Cir. 1960), cert. denied, 366 U.S. 930, 81 S.Ct. 1651, 6 L.Ed. 2d 389 (1961), and even if a Rule 7(d) motion were before this court, it has been said that on a motion to strike the power of the court is limited to strike as "surplusage" only immaterial and irrelevant allegations which may be prejudicial. United States v. Chas. Pfizer & Co., 217 F.Supp. 199 (D.C.1963), citing Notes of the Advisory Committee, 18 U.S.C. Rule 7.

The court in Pfizer, *supra*, involving a criminal indictment charging antitrust violations, said, at 201:

"Prejudice is assumed from the indictment itself and clearly from allegations of exaction of unreasonably high prices. But, if evidence of the allegation is admissible and relevant to the charge, then regardless of how prejudicial the language, it may not be stricken. The Government may broadly allege what it expects to prove and what it may under applicable principles of law prove. Certainly the language of the indictment cannot be more prejudicial than the evidence offered to sustain it. (United States v. A. B. Dick & Co., D.C., 7 F.R.D. 437.) If the allegation is of matters by which the Government hopes to establish the charge, it can scarcely be called 'surplusage'. There is then no occasion for relief under Rule 7(d) for '[t]he danger to be protected against (by this Rule) is that material prejudicial and otherwise inadmissible will be conveyed to the jury when the indictment is read.' (United States v. Bonanno, 177 F.Supp. 106, 116 (SDNY1959); United States v. Klein, 124 F.Supp. 476 (SDNY1954).)"

Here, clearly, the incorporated letters are relevant if properly authenticated and shown to be the product of the named defendants, for they constitute the substance of the alleged charge which the government hopes to establish, together with the other essential elements delineated in the statute at the time of trial. And, ultimately, it must be kept in mind that an indictment does no more than charge a defendant with an act or acts in violation of the law. An indictment has no probative value, nor is it any proof of the offense charged. The burden rests with the government to prove beyond a reasonable doubt at the time of trial the offense, or offenses, charged within the indictment. Tot v. United States, 319 U.S. 463, 63 S.Ct. 1241, 87 L.Ed. 1519 (1943).

Furthermore, the defendants have averred that the disregard of Rule 7(c) "is in all likelihood" a violation of Rule 6(e) of the Federal Rules of Criminal Procedure.[4]

---

3. Rule 7(d) provides: "Surplusage. The court on motion of the defendant may strike surplusage from the indictment or information."

4. Rule 6(e) provides, in part:
"Disclosure of matters occurring before the grand jury other than its deliberations and the vote of any juror may be made to the attorneys for the government for use in the performance of their duties. Otherwise a juror, attorney, interpreter, stenographer, operator of a recording device, or any typist who transcribes recorded testimony may disclose matters occurring before the grand jury only when so directed by the court preliminarily to or in connection with a judicial proceeding or when permitted by the court at the request of the defendant upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury. * * *"

■ Since the court has previously found that there has been no violation of Rule 7(c), no further discussion is necessary as to this allegation. Assuming otherwise, and construing Rule 6(e) independently, defendants would not be entitled to a dismissal of the indictment by reason of the incorporation of the letters. The rule of secrecy applies in pertinent part to individual members of the grand jury disclosing to others information as to the proceedings without permission of the court. It clearly does not, nor could it be construed to apply to the collective findings in the form of an indictment of the grand jurors acting as a judicial body, and the court finds no merit to this contention.

The defendants also assign as error that "[t]he government's action in publishing the purported correspondence is in flagrant derogation of the jurisdiction of the court." Defendants argue that by reason of their having filed a motion for severance and a motion for discovery in Criminal No. 14886, the government's subsequent conduct in bringing about a return of a second indictment has highly prejudiced the defendants and is an affront to the jurisdiction of this court. The thrust of this argument alludes more specifically to the pre-trial publicity which accompanied the return of the second indictment, Criminal No. 14950, and is closely related to defendants' claim that the Fifth and Sixth Amendments require dismissal of the indictment. These matters, as they properly should, will be discussed in connection with defendants' separate motion to dismiss the indictment by reason of prejudicial pre-trial publicity, and their respective motions for severance.

Finally, defendants argue in support of their motion to dismiss that "[o]n its Face the Appended Correspondence does not Constitute an Offense under 18 U.S.C. 876." Defendants aver that 18 U.S.C. § 876 is inapplicable "because the letters were not communicated to, and were never meant to be communicated to any victim." In addition, the defendants argue that in order for the letters to constitute a "threat" within the purview of the statute the victim must have been intimidated by them. The court finds no merit in this argument.

■ The relevant portion of 18 U.S.C. § 876 provides: "Whoever knowingly so deposits or causes to be delivered * * * any communication with or without a name or designating mark subscribed thereto, *addressed to any other person and containing any threat to kidnap any person* * * * shall be fined * * *." (Emphasis supplied) The statutory language is clear that the threat to kidnap which is violative of the section is not so limited that the threat need be communicated to any victim or an addressee who is directly connected with the victim, but that it may be "addressed to any other person and containing any threat to kidnap any person." It is the general rule that a court will not resort to the legislative history of an act when the statute is clear on its face. United States v. Oregon, 366 U.S. 643, 648, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961). Although the statute in question is expressly clear, defendants suggest that the legislative history, to the contrary, limits the literal reading of the statute. Even if the court were to consider the legislative history to paragraph 3 of Title 18 U.S.C. § 876, it is apparent that the legislative history supports the express language of the section. H.R. 3230, 76th Congress, 1st Session (February 16, 1939). Additionally, it might be said, hypothetically, that the mere "deposit" of a threatening communication in the mails with requisite intent, addressed to the person of another, is a violation of 18 U.S.C. § 876 even if it is not ultimately "delivered" to anyone. The thrust of the statute is the prohibition of the use of the mails to transmit threatening communications whether or not the communication was directed to a threatened addressee or "addressed to any other person and containing any threat * * * [to] any person * *."

A literal reading of the statute is also substantiated by reference to analogous statutes. In the case of United States

v. Pignatelli, 125 F.2d 643 (2d Cir. 1942), the Second Circuit affirmed the conviction of Ludovic Pignatelli pursuant to 18 U.S.C. § 338a(c), a predecessor of 18 U.S.C. § 876, with having mailed a written communication addressed to Princess Rospligliosi containing a threat to injure the reputation of Guido Pignatelli and Henrietta Pignatelli. Princess Rospigliosi, the addressee, was an "old acquaintance" of the defendant and had agreed to assist him. Also, in United States v. Holder, 302 F.Supp. 296 (D.C. Mont.1969), aff'd, 427 F.2d 715 (1970), the defendant was convicted of transmitting in interstate commerce from Billings, Montana, to the F.B.I. headquarters in Washington, D. C., a telephonic threat to cut off the head of a Billings, Montana, resident, such communication being in violation of 18 U.S.C. § 875(c).[5] The District Court, in Holder, refused offered instructions on behalf of the defendant to the extent that defendant sought instructions that (1) the threats need be communicated to the victim; (2) that the threats must be made in such a manner as to have reasonably induced fear; and (3) that the jury must find that the defendant intended to carry out the threats in question. In support of its refusal, and as was affirmed by the Circuit Court, the District Court cited, and quoted with approval, the following language from United States v. Feudale, 271 F.Supp. 115 (D.Conn.1967):

" 'It is an essential element of the crime charged in this count [18 U.S.C. § 875(c)] that there be a communication by defendant containing a threat to injure the person of another.' (page 118) Seeber v. United States [9th Cir., 329 F.2d 572], supra, also upheld a conviction under 18 U.S.C. § 875(c)

although the alleged threats made over the phone were delivered to persons other than the party the defendant intended to threaten.

"Nor is it necessary to show that the threat induced fear in the person threatened. It is sufficient to show that the threat was of such a nature as reasonably to have induced fear, even though the communication was not delivered to the person threatened. The test is whether the communication 'in its context' would 'have a reasonable tendency to create apprehension that its originator will act according to its tenor.' " United States v. Holder, *supra*, at 301.

See also analogous decisions pursuant to violations of 18 U.S.C. § 871.[6]

■ Considering the foregoing, the court is unable to find as a matter of law that Counts II and III, together with the incorporated correspondence, fails to constitute chargeable offenses pursuant to 18 U.S.C. § 876.

■ Nor, with reference to defendants' request to find S. John Cottone, Esquire, United States Attorney, and William S. Lynch, Esquire, Deputy Assistant United States Attorney, in contempt of court, can the court find that the defendants' claim is meritorious. The defendants have failed to sustain their burden of proof whether the imposed burden is to show beyond a reasonable doubt, or the lesser standard of showing clear and convincing proof that the government's incorporation of the letters within the indictment was criminally culpable. 17 Am.Jur.2d Contempt § 98 (1964). Upon this finding, defendants' motion for an order directing the respondents to inform the court and counsel whether their superiors in the United States Department of Justice had

---

5. 18 U.S.C. § 875(c) provides:
    "Whoever transmits in interstate commerce any communication containing any threat to kidnap any person or any threat to injure the person of another, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

6. Watts v. United States, 131 U.S.App. D.C. 125, 402 F.2d 676 (D.D.C.1968), rev'd on other grounds, 394 U.S. 705, 89 S.Ct. 1399, 22 L.Ed.2d 664; United States v. Stepp, 144 F.Supp. 826 (D. Colo.1956) ; United States v. Stobo, 251 F. 689 (D.Del.1918) ; United States v. Stickrath, 242 F. 151 (S.D.Ohio 1917).

advance knowledge of the incorporation of the letters within the indictment, and for an order seeking permission to inspect the grand jury minutes to ascertain responsibility must 'fail.

Defendants have, in addition, submitted along with the above requests an affidavit suggesting, in conclusory language, that the United States Government has offered the letters to the national media prior to their being incorporated in the indictment. The affidavit is legally insufficient to sustain the burden of the petitioners to invoke the extraordinary remedy of injunctive relief, and defendants' request should be denied.

For the reasons stated, defendants' motion be and the same is hereby denied. An appropriate order will be entered in accordance with this memorandum opinion.