EBELING *v.* MORGAN, WARDEN OF THE UNITED
STATES PENITENTIARY AT LEAVENWORTH,
KANSAS.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF KANSAS.

No. 736.   Argued April 7, 1915.—Decided June 1, 1915.

Section 189, Criminal Code, makes an offender of anyone, cutting,
tearing, or otherwise injuring any mail bag with felonious intent;
and, as the wording plainly indicates that it was the intent of Con-
gress to protect every bag from felonious injury each time any one
mail bag is torn or injured, the offense is complete irrespective of any
attack upon, or mutilation of, any other bag.

Under § 189, Criminal Code, successive cuttings of different mail
bags, with criminal intent, constitute separate offenses.

The same course of conduct, and upon the same occasion, may amount
to separate offenses and be separately punished. *Gavieres* v. *United
States*, 220 U. S. 338.

Where, as in this case, proof of cutting and opening one sack completed
the offense, and although the defendant continued the operation of
cutting into other sacks, proof of cutting one would not have sup-
ported the counts as to the other sacks, there was not one continuous
offense punishable by a single penalty, but the cutting into each of
the several sacks constituted a separate crime for which the defend-
ant could be separately punished.

THE facts, which involve the construction of § 189, Penal
Code, and the validity of separate convictions thereunder
for separate offenses of cutting open more than one mail
bag, are stated in the opinion.

*Mr. Frank E. Linquist, Mr. William P. Borland, Mr.
Martin J. Ostergard, Mr. Charles S. McClean, Mr. Ed-
win J. Shannahan, Mr. Oscar F. Wimmer, Mr. Her-
man D. Kissenger, Mr. Leonard Waddell, Mr. Luther*

*N. Dempsey* and *Mr. Ira S. Gardner* for the appellant, submitted:

The court had no jurisdiction to impose more than one sentence. § 189, Crim. Code; *Crepps* v. *Durden*, Cowper, 640; *In re Snow*, 120 U. S. 283; *In re Nielsen*, 131 U. S. 176; *Halligan* v. *Wayne*, 179 Fed. Rep. 112; *Munson* v. *McClaughry*, 198 Fed. Rep. 72; *Stevens* v. *McClaughry*, 207 Fed. Rep. 18; *O'Brien* v. *McClaughry*, 209 Fed. Rep. 816.

The six counts charge but one offense. *Commonwealth* v. *Prescott*, 153 Massachusetts, 396; *Hurst* v. *State*, 86 Alabama, 640; *People* v. *Stephens*, 79 California, 428; *State* v. *Larson*, 85 Iowa, 659; *Storrs* v. *State*, 3 Missouri, 9; *Lorton* v. *State*, 7 Missouri, 55; *State* v. *Daniels*, 32 Missouri, 558; *State* v. *Wagner*, 118 Missouri, 626; *State* v. *O'Connell*, 144 Missouri, 393; *State* v. *Maggard*, 160 Missouri, 469; *State* v. *Soper*, 207 Missouri, 502; *State* v. *Egglesht*, 41 Iowa, 574; *People* v. *Van Kuren*, 5 Parker, C. R. 66; *State* v. *Benham*, 7 Connecticut, 414; *Furnace* v. *State*, 153 Indiana, 93; *State* v. *Colgate*, 31 Kansas, 511; *Nichols* v. *Commonwealth*, 78 Massachusetts, 180; *Wilson* v. *State*, 45 Texas, 76; *State* v. *Williams*, 10 Hump. 101; *State* v. *Moore*, 86 Minnesota, 422; *Tweed* v. *Liscomb*, 60 N. Y. 559; *People* v. *Stephens*, 79 California, 428; *Fischer* v. *Commonwealth*, 1 Bush, 211; *State* v. *Larson*, 85 Iowa, 659; *Vining* v. *State*, 146 S. W. Rep. 909; *State* v. *Sampson*, 138 N. W. Rep. 473; *Commonwealth* v. *Prescott*, 153 Massachusetts, 396; *Hurst* v. *State*, 86 Alabama, 604.

Sentences on five counts are void. *United States* v. *Pridgeon*, 153 U. S. p. 62.

Fines and costs are civil liability only. Section 1041, U. S. Comp. Stat. 1901; *Ex parte Jackson*, 96 U. S. 727.

Involuntary servitude is prohibited. Section 1 Amendment XIII; *Ex parte Peters*, 12 Fed. Rep. 461; *Munson* v. *McClaughry*, 198 Fed. Rep. 72; *United States* v. *Petit*, 114 U. S. 429.

Petitioner has been six times in jeopardy; this is not due process of law.

The district judge erred in denying the application. Section 189, Code Crim. Proc.; cases *supra* and *Halligan* v. *Wayne*, 179 Fed. Rep. 112; *State* v. *Damon*, 2 Tyler, 387; *Clem* v. *State*, 42 Indiana, 420; *Ben* v. *State*, 22 Alabama, 9; *Wilson* v. *State*, 45 Texas, 76; *State* v. *Morphin*, 37 Missouri, 373; *United States* v. *Randenbush*, 8 Pet. 288; Bishop's Crim. Law, 7th ed., § 1051; *In re Henry*, 123 U. S. 372; § 5480, Rev. Stat.

The judge's contention is erroneous and the motion for judgment should have been sustained.

Petitioner having served valid portion of sentence should be released. *Craemer* v. *Washington*, 168 U. S. 124; *Dimmick* v. *Tompkins*, 194 U. S. 546; see also cases *supra* and § 4548, Rev. Stats. Missouri, 1909; *O'Brien* v. *McClaughry*, 209 Fed. Rep. 816; *Hurst* v. *State*, 86 Alabama, 640; *United States* v. *Pridgeon*, 153 U. S. p. 62; *Ex parte Lange*, 18 Wall. 163; *Ex parte Creasy*, 243 Missouri, 707.

*Mr. Assistant Attorney General Wallace* for appellee.

MR. JUSTICE DAY delivered the opinion of the court.

The appellant, Ebeling, was convicted in the United States District Court for the Eastern District of Missouri of violations of § 189 of the Criminal Code. The indictment contains seven counts. The second, third, fourth, fifth, sixth and seventh charge that, on the twenty-first day of January, 1910, said Ebeling did wilfully, knowingly and feloniously tear, cut, and injure a certain bag then and there used for the conveyance of mails of the United States, each count describing the mail pouch so torn, cut, and injured by its lock and rotary number, and in each count it was alleged that the pouch in such count

named was in a certain railway postal car, then and there
in transit on a certain railroad, and that the act was done
with intent to forcibly, knowingly and feloniously rob,
steal, and carry away the contents of the pouch. Ebeling
entered a plea of guilty, and was sentenced to pay a fine
of $500 and be imprisoned in the United States peniten-
tiary at Leavenworth, Kansas, for a period of three years
on the second count; and a like fine and imprisonment
were imposed because of each the third, fourth, fifth, sixth
and seventh counts, to run consecutively with the sentence
under the second count; but it was provided that the im-
prisonment as to the seventh count should begin, run and
terminate concurrently with the sentences imposed under
the other counts, making in all a period of fifteen years'
imprisonment. Ebeling, having served the sentence of
three years imposed under the second count, applied to the
District Court of the United States for the District of
Kansas for a writ of *habeas corpus* to procure his release
from further imprisonment, upon the ground that he had
endured all the punishment that could be legally imposed
upon him by imprisonment under said indictment. The
District Court denied the application, and refused to issue
the writ, and appeal was then prosecuted to this court.

This case raises the question whether one who, in the
same transaction, tears or cuts successively mail bags of
the United States used in conveyance of the mails, with
intent to rob or steal any such mail, is guilty of a single
offense or of additional offenses because of each successive
cutting with the criminal intent charged. If the successive
cuttings into the different bags constitute different offenses,
then the court below was right in refusing the writ of
*habeas corpus*. If but a single offense was committed, not-
withstanding separate mail bags were successively cut with
the felonious intent named in the statute, then the ap-
pellant was entitled to the writ, and should have been dis-
charged by order of the court upon the proceedings below.

Section 189, under which this indictment was prosecuted, provides:

"Whoever shall tear, cut, or otherwise injure any mail bag, pouch, or other thing used or designed for use in the conveyance of the mail, or shall draw or break any staple or loosen any part of any lock, chain, or strap attached thereto, with intent to rob or steal any such mail, or to render the same insecure, shall be fined not more than five hundred dollars, or imprisoned not more than three years, or both."

Reading the statute with a view to ascertaining its meaning, it is apparent that it undertakes to make an offender of anyone who shall cut, tear, or otherwise injure any mail bag, or who shall draw or break any staple or loosen any part of any lock, chain or strap attached thereto, with the felonious intent denounced by the statute. These words plainly indicate that it was the intention of the lawmakers to protect each and every mail bag from felonious injury and mutilation. Whenever any one mail bag is thus torn, cut or injured, the offense is complete. Although the transaction of cutting the mail bags was in a sense continuous, the complete statutory offense was committed every time a mail bag was cut in the manner described, with the intent charged. The offense as to each separate bag was complete when that bag was cut, irrespective of any attack upon, or mutilation of, any other bag. The words are so plain as to require little discussion or further amplification to ascertain their meaning. The separate counts each charged by its distinctive number the separate bag and each time one of them was cut there was, as we have said, a separate offense committed against the statute. Congress evidently intended to protect the mail in each sack, and to make an attack thereon in the manner described a distinct and separate offense.

The case is not like those charges of continuous offenses

where the crime is necessarily, and because of its nature, a single one, though committed over a period of time. Such is the English case of *Crepps* v. *Durden*, 2 Cowper, 640, wherein Lord Mansfield held that one who was charged with exercising his ordinary trade on the Lord's Day could not be convicted of separate offenses because of a number of acts performed on that day which made up the offense of exercising his trade. It was there said that every stitch that a tailor takes and everything that a shoemaker or carpenter may do for different customers at different times on the same Sunday, did not constitute separate offenses, for the offense was one and entire of exercising the trade and calling upon the Lord's Day, and the object of the legislation was to punish a man for exercising his trade on Sunday, and not to make a separate offense of each thing he did in the exercise of that trade. So, in *In re Snow*, 120 U. S. 274, where an attempt was made to divide into separate periods of time the offense of continuous cohabitation with more than one woman, when the facts showed that there was but one offense committed between the earliest day charged and the end of the continuing time attempted to be charged in separate indictments. These and similar cases are but attempts to cut up a continuous offense into separate crimes in a manner unwarranted by the statute making the offense punishable.

As we interpret the statute, the principle applied in *Gavieres* v. *United States*, 220 U. S. 338, is applicable, where this court held that, when in the same course of conduct, and upon the same occasion, certain rude and boisterous language was used, and an officer insulted, two offenses were committed, separate in their character, and this, notwithstanding the transaction was one and the same. The principle stated by the Supreme Judicial Court of Massachusetts, in *Morey* v. *Commonwealth*, 108 Massachusetts, 433, was applied, where it was held that a conviction upon one indictment would not bar a conviction and sen-

tence upon another indictment, if the evidence required to support the one would not have been sufficient to warrant the conviction upon the other without proof of an additional fact, and it was there declared that a single act might be an offense against each statute, if each required proof of an additional fact which the other did not, and that conviction and punishment under one does not exempt the defendant from conviction and punishment under the other statute.

So here, proof of cutting and opening one sack completed the offense, and although defendant continued the operation by cutting into other sacks, proof of cutting one sack would not have supported the counts of the indictment as to cutting the others; nor was there that continuity of offense which made the several acts charged against the defendant only one crime.

We find no error in the judgment of the District Court, and the same is

*Affirmed.*

MR. JUSTICE McREYNOLDS took no part in the consideration or decision of this case.