THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AMADO EULOGIO PEÑA, Defendant and Appellant.

Nos. 15167–73. Argued February 1, 1952.—Decided March 25, 1952.

*Eudaldo Báez García, Baltazar Quiñones Elías,* and *Enrique Alcaraz Casablanca,* for appellant. *Víctor Gutiérrez Franqui, Attorney General,* and *J. Rivera Barreras, Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Convicted by a jury in five prosecutions for the offense of assault to commit murder [1] and sentenced in each case to serve from 3 to 15 years' imprisonment in the penitentiary, at hard labor, the defendant appealed.

He alleges now (1) that the lower court erred in overruling his motion for a new trial based on the failure to instruct the jury with respect to the crimes of assault to commit manslaughter, aggravated assault and simple assault; and (2) that the verdicts returned are contrary to law upon sentencing him, as he was sentenced, for five offenses of assault to commit murder.

Neither the motion for a new trial referred to in the first assignment, nor the order issued disposing of it, appear in the record, wherefore we are unaware of the

---

[1] See § 218 of the Penal Code and *People* v. *Saltari,* 53 P.R.R. 850, 865.

grounds on which the former was based nor the grounds on which the trial judge relied to dismiss it. It does not appear either that the defendant appealed in each case from the order denying the new trial. Such an order being appealable, if no appeal is taken therefrom, this Court lacks jurisdiction to review it. *People* v. *Zayas*, 65 P.R.R. 504, 506 and cases cited.

■ The question raised in the second assignment is new in this jurisdiction. The evidence for the government tended to show that in the afternoon of October 30, 1950, there was a shooting in the Dulces Labios Ward of Mayagüez, on account of which several persons were arrested; that from the investigation, the district attorneys determined that it was necessary to seize the Ford automobile of one José Cruzado Ortiz, who was among the arrested persons, and several members of the police were instructed to start out towards Cruzado Ortiz's residence, which was located in La Quinta Ward of said town, in order to take the vehicle; that following said instructions five policemen, namely, Ángel W. Jusino, Félix A. Matos, Diego Ortega, Tomás Figueroa and Salvador O. Gregory, went out in a Pontiac automobile towards the place referred to, the first three riding on the front seat of the vehicle and the last two on the back seat thereof, Matos and Figueroa being detectives and the other three, regular members, duly uniformed, of our insular police, while policeman Jusino drove the vehicle; that upon arriving in front of Cruzado Ortiz's house about 3:45 in the morning of October 31, they stopped the vehicle, which had the lights on, and ordered the defendant, who was standing at a distance of approximately 8 or 10 feet and at an angle of approximately forty-five degrees from the vehicle, to raise his hands; that Peña, who was known to some of them, immediately drew out a .45 caliber pistol and fired three shots at them, deflating one of the front tires, knocking down one of the hub caps and piercing

a fender of the policemen's automobile, but did not wound any of them; that the occupants of the vehicle fired back immediately, aiming at the defendant, who then ran away and went into a nearby wood. The district attorney filed five informations of assault to commit murder, that is, one for each of the persons who were inside the Pontiac automobile when the appellant fired the shots.[2] We gather that the scope and effect of the second assignment is to contend that he should have been accused of only one such offense and not of five.

The question thus submitted has given rise, in cases of this nature, to an irreconciliable conflict of continental authority for, although some of the states of the Union hold that when there is a single act, attack or assault against several persons the defendant may be prosecuted as many times as there were persons affected by the act, attack or assault, nevertheless, there are others which have decided that the assailant may be prosecuted only for a single offense.

A minute and thorough study of this problem convinces us that in cases of this type the question to be determined is whether or not defendant's act, attack or assault physically injured other persons and whether in order to prove this the evidence required in each case is the same or different. If defendant's assault did not physically injure the various persons involved and if the evidence required in each case is identical, the defendant can only be prosecuted for one offense. On the contrary, if as a result of the same assault, of the same act or of the same transaction several persons were injured, wounded or killed, then as many informations may be filed against the assailant as there were persons affected, provided that the evidence required in each case is different—regardless of the fact that the difference in the

---

[2] It is well to set forth that the five cases of assault to commit murder were jointly tried and submitted on the same evidence.

evidence be only a scintilla, say, for example, regarding the *corpus delicti.* 45 Harvard Law Review 535; 37 Id. 912; 20 Id. 642; 40 Yale Law Journal 462; 18 Cal. Law Review 171, 179; 14 Cal. Law Review 133; Dangel, Criminal Law, p. 373, § 199; Wharton's Criminal Law, Vol. 1, 12th Ed. pp. 531, 537, § 394; *Piquett* v. *United States,* 81 F. 2d 75; *Commonwealth* v. *Roby,* 29 Mass. 496; *People* v. *Lagomarsino,* 217 P. 2d 124; *State* v. *Corbett,* 109 S. E. 133; *People* v. *Majors,* 65 Cal. 138; *Spannell* v. *State,* 203 S. W. 357; 113 A.L.R. 215 and annotations on p. 222; 20 A.L.R. 341.

In connection with the problem with which we are concerned the Supreme Court of the United States has expressed itself in the following language: "This Court has settled that the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes." *Morgan* v. *Devine,* 237 U. S. 632, 59 L. Ed. 1153, 1156; *Ebeling* v. *Morgan,* 237 U. S. 625, 59 L. Ed. 1151; *Burton* v. *United States,* 202 U. S. 344, 50 L. Ed. 1057, 1071 and *Gavieres* v. *United States,* 220 U. S. 338, 55 L. Ed. 489, 490.

It is evident and incontrovertible in the instant case that the evidence offered and required to prove the first information—that filed in connection with the assault on policeman Ángel W. Jusino—had to be (as it was) identical in all respects with the evidence presented in connection with the informations filed for the assault on each of the other police members who were in the automobile when the shots were fired. So much so that the five cases were jointly tried and submitted on the same evidence. Of all the evidence offered there is not one whit distinguishing one case from the other. Under these circumstances, the defendant could only be prosecuted for a single offense of assault to commit murder. *Cf. People* v. *Díaz,* 71 P.R.R. 472.

The judgment rendered in case No. 15167 will be affirmed

and the judgments rendered in cases Nos. 15168 to 15171 will be reversed and their dismissal ordered.