**George TURNER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16226.**

United States Court of Appeals Eighth Circuit.

Dec. 8, 1959.

George Turner, pro se.

Edward L. Scheufler, U. S. Atty., and Clark A. Ridpath, Asst. U. S. Atty., Kansas City, for appellee.

Before SANBORN, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

PER CURIAM.

This is an appeal from an order of the District Court denying the motion, under 28 U.S.C. § 2255, of George Turner, a prisoner in custody under a ten-year sentence of imprisonment, for the vacation or correction of his sentence. The order was entered without a hearing, upon the ground that the files and records

of his case conclusively show that he is entitled to no relief.

The sentence, the correctness and validity of which is challenged by Turner, was based upon his plea of guilty to an information which, in five separate counts, charged him, under 18 U.S.C. § 287, with five separate violations of that section by presenting to the Internal Revenue Service of the United States, on five different dates, fictitious and fraudulent claims for income tax refunds —one on April 15, 1957; one on October 28, 1957; one on April 24, 1958; one on September 24, 1958; and one on October 3, 1958. At the time of his arraignment, December 12, 1958, Turner was represented by counsel appointed by the court. After a pre-sentence investigation and on January 16, 1959, Turner was given the following sentences of imprisonment: "five (5) years on each of counts 1, 2, 3, 4 and 5; the sentences imposed on counts 1, 2 and 3 to be served concurrently with each other, and the sentences imposed on counts 4 and 5 to be served concurrently with each other and consecutively with the sentences imposed on counts 1, 2 and 3; without costs. For a total sentence of imprisonment of ten (10) years."

Turner's motion for vacation or correction of sentence was based upon two contentions: (1) that the counts of the information charged but one continuing offense and would support but one sentence of five years' imprisonment, and that the sentence imposed violated his constitutional right not to be twice put in jeopardy for the same offense; and (2) that his plea of guilty was entered by mistake and under a misunderstanding. In his motion, Turner also asserted that he had not been accorded sufficient time "to consult with his Court appointed Attorney before he was brought to Court."

■ In his brief on appeal Turner asserts that "The District Court's imposition of consecutive sentences on counts 4 and five was a denial of appellant's constitutional rights not to be twice put in jeopardy for the same of-fense." He concedes that no authority in support of this contention could be found. It is safe to say that there is no such authority. See and compare: Ebeling v. Morgan, 237 U.S. 625, 629–631, 35 S.Ct. 710, 59 L.Ed. 1151; United States v. Daugherty, 269 U.S. 360, 46 S.Ct. 156, 70 L.Ed. 309; Blockburger v. United States, 284 U.S. 299, 301, 305, 52 S.Ct. 180, 76 L.Ed. 306. The information charged five separate offenses and would have sustained an aggregate maximum sentence of twenty-five years.

■ Turner now asserts that he was denied the effective assistance of counsel. This is nothing more than a self-serving, unsupported and belated declaration, which is completely refuted by the transcript of the proceedings which took place when he entered his plea of guilty and when he was sentenced.

The District Court committed no error in denying Turner's motion for the vacation or correction of his sentence.

The order appealed from is affirmed.