**UNITED STATES of America,**

v.

**Donald CUDDEBACK, Irving Greenberg, Sydney Israel, Harry Reichin, Jack Reichin and Louis Reichin, Defendants.**

United States District Court
S. D. New York.
April 10, 1961.

Morton S. Robson, U. S. Atty., New York City, Allen McGrath, Asst. U. S. Atty., Kew Gardens, N. Y., of counsel, for plaintiff.

Louis Bender, New York City, for defendant, Sydney Israel.

Moses L. Kove, New York City, for defendant, Louis Reichin.

BICKS, District Judge.

The indictment herein charges the defendants Sydney Israel and Louis Reichin, in six and ten counts respectively, with violating Title 18 U.S.C.A. § 1010.[1] Each count charges that the named defendant or defendants delivered a false Federal Housing Administration Title I Completion Certificate or Credit Application to a bank for the purpose of obtaining a loan or advance of credit for another individual from said bank, and with the intent that the loan or advance of credit be accepted by the Federal Housing Administration for insurance. Each count charges an application for a loan to a different borrower on a different date. The certificates were allegedly false in one or more of the following respects: (a) that there was only one mortgage or debt owed to a bank by the applicant, (b) that the applicant did not owe any debt to a bank, (c) that the work had been completed or the materials delivered, (d) that no cash payment or rebate had been promised to the borrower.

This is a motion to dismiss five of the six counts as against Sydney Israel and nine of the ten counts as against Louis Reichin, on the ground that all but the first count in which each is charged are duplicitous of the initial charge.

Relying upon United States v. Universal C. I. T. Credit Corp. et al., 1952, 344 U.S. 218, 73 S.Ct. 227, 231, 97 L.Ed. 260, movants contend that the aggre-

1. Section 1010 provides that "Whoever, for the purpose of obtaining any loan or advance of credit from any * * * association, or corporation with the intent that such loan or advance of credit shall be offered to or accepted by the Federal Housing Administration for insurance * * * makes, passes, utters, or publishes any statement, knowing the same to be false * * * shall be fined not more than $5,000 or imprisoned not more than two years, or both."

gate of the similar but distinct acts charged in the separate counts constitute but one offense. They urge that the unit of prosecution contemplated by the statute is a "course of conduct" founded upon a single "impulse".

In C. I. T., supra, the Supreme Court construed the Fair Labor Standards Act, 29 U.S.C.A. §§ 215, 216(a), and, after considering the legislative history at some length, concluded that the offense made punishable under that act was a course of conduct. See 67 Harv. L.Rev. 136 (1953).

Here the statute is clear and unambiguous, and unlike C. I. T., there is no legislative history which gives weight to defendants' contention.

In United States v. Guterma, 2 Cir., 1960, 281 F.2d 742, certiorari denied 1960, 364 U.S. 871, 81 S.Ct. 114, 5 L.Ed. 2d 93, the Court held that each omission to comply with Section 16(a) of the Securities Exchange Act of 1934, 15 U.S.C.A. § 78p(a), constitutes a separate offense. That section requires the filing, within 10 days after the close of each calendar month, by certain individuals standing in a defined position to a corporation, of changes in their ownership of securities issued by the corporation. The Court held that C. I. T. was inapposite because " * * * changes in beneficial ownership are more discrete and independent than the normal situation with respect to employment at too low wages or too long hours." 281 F.2d at page 752.

If the monthly failure to comply with Section 16(a) of the Securities Exchange Act is more discrete than the weekly failure to pay the minimum wage prescribed by the Fair Labor Standards Act, it cannot be gainsaid that the filing of false Federal Housing Administration Title I Completion Certificates and Credit Applications, relating to different properties, different borrowers and different lenders, and the filing thereof separated in some instances by months, are separate and independent acts. To the same effect see: Ebeling v. Morgan, 1915, 237 U.S. 625, 35 S.Ct. 710, 711, 59 L.Ed. 1151, where the Supreme Court, in construing the predecessor of 18 U.S.C.A. § 1706, which in part provided that "[w]hoever shall tear, cut, or otherwise injure any mail bag, pouch, or other thing designed for use in the conveyance of the mail * * * with intent to rob or steal any such mail * * * *" shall be subject to a criminal penalty, held that the successive cuttings into different bags constitute different offenses; United States v. Private Brands, 2 Cir., 1957, 250 F.2d 554, where the Court of Appeals in construing 18 U.S.C.A. § 1001[2] held that each false statement made to an agency of the United States was a separate offense notwithstanding that all the false statements charged to the defendant related to deliveries made under a single contract; and United States v. Guterma, D.C.E.D. N.Y.1959, 179 F.Supp. 420, 431, where it was held that each violation of 18 U.S.C.A. § 1005, proscribing the unauthorized issuance of notes, etc. of a bank by an officer of such bank, constitutes a separate offense.

The motion is, therefore, denied.

So ordered.

---

2. Section 1001 provides:
   "Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both."