**UNITED STATES of America**

**v.**

**AMERICAN OIL COMPANY et al.,**
**Defendants.**

**Crim. A. No. 153-65.**

United States District Court
D. New Jersey.

Feb. 18, 1969.

See also, D.C., 249 F.Supp. 799.

David M. Satz, Jr., U. S. Atty., Bernard Wehrmann, Edward F. Corcoran, Barry Ravech, David Leinsdorf, Bruce E. Repetto, Attys., United States Dept. of Justice, McCarter & English, by Eugene M. Haring, Newark, N. J., Hughes, Hubbard & Reed, New York City, of counsel, for Atlantic Richfield Co.

Milton, Keane & DeBona, by Joseph Keane, Jersey City, N. J., Paul, Weiss, Goldberg, Rifkind, Wharton & Garrison, New York City, of counsel, for Cities Service Oil Co. and Cities Service Co.

Carey & Jardine, by Robert Carey, Jr., Newark, N. J., Kissam & Halpin,

New York City, of counsel, for Gulf Oil Corporation.

Stryker, Tams & Dill, by William L. Dill, Jr., Newark, N. J., Milbank, Tweed, Hadley & McCloy, by A. Donald Mac-Kinnon, New York City, of counsel, for Humble Oil & Refining Co.

Pitney, Hardin & Kipp, by Donald B. Kipp, Newark, N. J., Wickes, Riddell, Bloomer, Jacobi & McGuire, New York City, of counsel, for Sinclair Refining Co.

Riker, Danzig, Scherer & Brown, by Dickinson R. Debevoise, Newark, N. J., Dewey, Ballantine, Bushby, Palmer & Wood, New York City, of counsel, for Mobil Oil Corp.

## OPINION

WORTENDYKE, District Judge:

The indictment in this case was returned on April 8, 1965. It has been under attack by four separate motions to dismiss. This Court's consent order of December 26, 1967 extended to January 8, 1968 the time within which defendants might file motions addressed to the indictment. The allegations of the indictment were summarized in this Court's opinion filed January 26, 1966, D.C., 249 F.Supp. 799. The offenses charged in the indictment are violations of the Sherman Act, 15 U.S.C. §§ 1 and 2. The violation of Section 1 of the Act is charged in the First Count. It alleges an agreement or concert of action by and among the defendants to fix motor vehicle gasoline fuel prices in the three-state area of Delaware, Pennsylvania and New Jersey extending over a period from 1955 to the date of the return of the indictment, thereby effecting a restraint of interstate commerce.

Despite the limitation imposed by this Court's order of December 26, 1967 and the imminence of trial of the indictment, all of the defendants excepting American Oil Company filed, on January 6, 1969, a motion to dismiss the first count of the indictment upon the ground that the trial of that count would constitute double jeopardy to the moving defendants by reason of the indictment and trial and their acquittal in United States v. Arkansas Fuel Oil Corporation, Cr. No. 3450, Eastern District, Virginia, which was tried in Tulsa, Oklahoma on February 13, 1960, and is hereinafter referred to as the Tulsa case. The present movants also assert that the Tulsa judgment amounted to res judicata in favor of movants with respect to the offense charged in Count I of the instant indictment. With the notice of the pending motion were filed, by the Court's leave, copies of the following documents: (1) The Tulsa indictment; (2) the bill of particulars relating thereto; and (3) a transcript of the oral opinion of the trial judge expressing the reasons for his grant of the motions of the defendants for direction of verdicts in their favor at the close of the evidence for the prosecution in that case. The present movants rely upon the foregoing documentation to support their burden of proof of the facts upon which they rest their present contentions of double jeopardy and res judicata.

The Tulsa indictment charged twenty-nine producers and distributors of crude oil and motor vehicle fuel gasoline, including all defendants in the present case except American Oil Company, with having conspired to fix the prices of crude oil and automotive gasoline in interstate commerce throughout forty-four states of the United States, including Delaware, Pennsylvania and New Jersey during the period commencing in November, 1956 and effective during the month of January, 1957. More specifically, paragraphs 13 and 14 of the Tulsa indictment allege:

"13. Beginning at some time in 1956, the exact date being to the grand jurors unknown, and continuing through January 1957, the defendants, and other persons to the grand jurors unknown, engaged in an unlawful combination and conspiracy to raise, fix, and stabilize the prices of crude oil and automotive gasoline throughout the affected market, in restraint of the aforesaid interstate trade and

commerce in crude oil and automotive gasoline and in violation of Section 1 of the Act of Congress of July 2, 1890, entitled, 'An Act to protect trade and commerce against unlawful restraints and monopolies,' as amended, 26 Stat. 209 (15 U.S.C. § 1), commonly known as the Sherman Act.

14. The aforesaid combination and conspiracy consisted of an agreement, understanding and concert of action among the defendants, the substantial terms of which were that, during January 1957, for the purpose and with the intent of raising, fixing, and stabilizing the prices of crude oil and automotive gasoline throughout the affected market, (a) each defendant engaged in purchasing crude oil would increase its posted crude oil prices throughout its crude area, and, (b) each defendant engaged in marketing automotive gasoline would increase its automotive gasoline prices throughout its marketing area."

Paragraphs 13 and 14 of the instant indictment allege:

"13. Beginning at least as early as 1955 and continuing up to and including the return date of this indictment, the defendants and co-conspirators have been engaged in a combination and conspiracy in unreasonable restraint of the aforesaid interstate trade and commerce in gasoline, in violation of Section 1 of the Act of Congress of July 2, 1890, as amended, (15 U.S.C. Section 1) commonly known as the Sherman Act.

14. The aforesaid combination and conspiracy has consisted of a continuing agreement, understanding and concert of action among the defendants and co-conspirators the substantial term of which has been to raise, fix, stabilize and maintain tank wagon prices and retail prices of gasoline in the trading area."

■ None of the evidence for the prosecution in the Tulsa case is before the Court on the present motion. Movants contend, however, that the indictment and bill of particulars in that case conclusively disclose that movants were initially jeopardized by the return of the Tulsa indictment and the commencement of trial thereon, and that the direction of verdicts for defendants therein constituted res judicata of the innocence of present movants of the offense charged in Count I of the instant indictment. Double jeopardy could not exist until a jury was empanelled and sworn for the trial of the instant indictment. Nevertheless, this Court has considered the pending motion as if the latter trial had actually commenced.

■ The burden of proving double jeopardy and res judicata by a preponderance of the evidence rests upon movants. United States v. Wilson, 32 U.S. 159, 8 L.Ed. 640 (1833); Reid v. United States, 177 F.2d 743 (5 Cir., 1949). Such pleas in bar are sustainable only where the offense involved in both the first and second trials is the same. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966); Dryden v. United States, 403 F.2d 1008 (5 Cir., 1968). Offenses are not the same "for purposes of the double jeopardy" clause of the 5th Amendment unless the evidence required to support conviction on one of the indictments would have been sufficient to warrant conviction on the other. Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915); United States v. Bruni, 359 F.2d 807 (7 Cir., 1966).

■ The material submitted in support of the pending motion is insufficient to enable the Court to determine whether the offenses respectively charged in the Tulsa and instant indictment would be the same because of the Court's ignorance of the evidence which was presented by the prosecution to support the former. Consequently, its sufficiency to warrant conviction under the latter has not been shown. The Tulsa court held the evidence insufficient to support the indictment in that case. The direction of a verdict there cannot

be deemed res judicata here as it has not been shown that the offense charged in the Tulsa indictment is the same as the offense charged in the present indictment. Lawlor v. National Screen Service, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955).

The motion of the defendants other than American Oil Company to dismiss Count I of the indictment in this case is accordingly denied.

An appropriate order so directing may be presented by the Government.