**Robert Glen PHILLIPS, Appellant,**

*v.*

**The STATE of Texas, Appellee.**

**Nos. 12–86–00212–CR, 12–86–00257–CR.**

Court of Appeals of Texas,
Tyler.

March 31, 1988.

Dwight P. McDaniel, Longview, for Phillips.

Carter Beckworth and David Brabham, Longview, for the State.

COLLEY, Justice.

Robert Glen Phillips was separately indicted for the aggravated assaults [1] of Joel Bret Blakely and Jennifer Lynn McCarthy, the driver and passenger respectively of a small pickup truck involved in a head-on collision on January 10, 1986, with a vehicle operated by Phillips.

The indictment in trial court cause no. 15,313–B (our cause no. 12–86–00212–CR) charges Phillips with aggravated assault of Blakely. The indictment in trial court cause no. 15,315–B (our cause no. 12–86–00257–CR) charges Phillips with aggravated assault of McCarthy. The indictments

---

1. Under Tex.Penal Code Ann. § 22.02(a)(1) (Vernon 1974 and Vernon Supp.1988), herein- after referred to as section 22.02 unless otherwise indicated.

are otherwise virtually identical, alleging that on January 10, 1986, Phillips recklessly caused serious bodily injury to the victim by causing a vehicle driven by him to strike the vehicle occupied by Blakely and McCarthy. Each indictment alleges that at the time of the collision Phillips was alcohol intoxicated and "did not have the normal use of his mental and physical faculties."

The cases were consolidated for trial on Phillips' motion. A jury convicted Phillips of both offenses and assessed his punishment in each case at nine years' confinement. The trial judge ordered the sentence in trial court cause no. 15,315–B to run consecutively with the nine-year sentence pronounced by the court in cause no. 15,-313–B.[2]

By three points of error, Phillips contends that he was denied the protection afforded by the Double Jeopardy Clause of the Fifth Amendment and Tex. Const. art. I, § 14 [3] because he was twice punished for committing but one offense.

The State argues that Phillips' jeopardy rights were not offended by the sentence imposed at trial because in the State's view the Court of Criminal Appeals held in *Ex parte Rathmell,* 717 S.W.2d 33, 36 (Tex.Cr. App.1986), that a defendant "may be indicted, tried and punished separately for the injury to each victim caused by one unlawful act [in violation of one statute]."

We reject the State's argument that the decision in *Ex parte Rathmell* settles the issue before us. The core of the holding in *Rathmell* is that the Texas Legislature by its enactment of Tex.Penal Code Ann. § 19.05(a)(2) intended to create separate offenses for each person killed by the same single continuous act. Because of that holding, no other jeopardy issue remained to be determined. The *Rathmell* court's construction of section 19.05(a)(2) does not require this court to so construe the provisions of section 22.02 of the Texas Penal Code. Were we to yield to the State's argument, we would be ascribing to the notion that the Court of Criminal Appeals in *Rathmell* adopted a jeopardy analysis, or for that matter a judicial policy, foreign to those utilized in adjudicated cases in the United States Supreme Court.[4] That we will not do.

The Fifth Amendment provides, in part, that no person shall "be subject for the same offense to be twice put in jeopardy of life or limbs; ...." Tex. Const. art. I, § 14 reads, in part: "No person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."

The Double Jeopardy Clause protects against the assessment of multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). "Where consecutive sentences are imposed at a single criminal trial, the role of the constitutional guarantee is limited to assuring that the Court does not exceed its legislative authorization by imposing multiple punishments for the same offense." *Id.* at 165, 97 S.Ct. at 2225; *see also Illinois v. Vitale,* 447 U.S. 410, 415, 100 S.Ct. 2260, 2264, 65 L.Ed.2d 228 (1980).

In the case before us, Phillips persuaded the trial court to consolidate the two indictments for trial. By so doing, he waived the protection, if any, afforded him by the Double Jeopardy Clause and the Texas Constitution against multiple prosecutions for the same offense. *Cf. Jeffers v. United States,* 432 U.S. 137, 152, 154, 97 S.Ct. 2207, 2217, 2218, 53 L.Ed.2d 168 (1977).

---

**2.** As authorized by Act of April 11, 1985, ch. 29, § 2, 1985 Tex.Gen.Laws 404, amended by Act of June 17, 1987, ch. 513, § 1, Tex.Vernon Sess.Law Serv. 1987, 4237, 4238.

**3.** Conceptually, the state and federal constitutional provisions are identical. *See Ex parte McWilliams,* 634 S.W.2d 815, 823–824 (Tex.Cr. App.1982); *Ex parte Peterson,* 738 S.W.2d 688, 689 (Tex.Cr.App.1987).

**4.** Justice Frankfurter, writing for the majority in *Gore v. U.S.,* 357 U.S. 386, 392, 78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405 (1958), stated: "In applying a provision like that of double jeopardy, which is rooted in history and not an evolving concept like that of due process, a long course of adjudication in this Court carries impressive authority."

However, he did not waive his right to complain that jeopardy bars the assessment of cumulative punishment upon his convictions in these cases. *Id.* at 154, 97 S.Ct. at 2218.

In *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), Blockburger was charged in a single indictment with violations of two sections of 18 U.S.C., 26, section 692, proscribing the sale of narcotics other than in the original stamped package, and section 696 denouncing the sale of narcotics except upon a written order from the purchaser on a form prescribed by law. The indictment charged five counts. The jury returned a verdict finding Blockburger guilty on counts two, three, and five of the indictment. Each of these counts alleged a sale to the same purchaser. Count two charged a sale contrary to section 692 on a day certain. Count three charged a sale under section 692 on the day following the sale alleged in count two. The court had no trouble deciding that counts two and three alleged two separate and distinct offenses under the same statute because they occurred on two separate days. The court then turned to consideration of the defendant's second contention that the conviction on counts three and five was but one offense and, therefore, only a "single penalty may be imposed." *Id.* at 301, 52 S.Ct. at 181. Count three charged Blockburger under section 692 with an unlawful sale of narcotics not enclosed in the original stamped package. Count five charged Blockburger under section 696 with making an unlawful sale without the written order from the purchaser. The *Blockburger* court rejected the second contention after comparing the two sections of the narcotics act under what is now well known as the *Blockburger* test, earlier utilized by the Massachusetts Supreme Judicial Court in *Morey v. Commonwealth*, 108 Mass. 433, 435 (1871).

The *Blockburger* court in rejecting Blockburger's first contention, which is pertinent here, referred to the decision in *Ex parte Snow*, 120 U.S. 274, 7 S.Ct. 556, 30 L.Ed. 658 (1887), and quoted from that decision as follows, to wit:

It (cohabitation with more than one woman) is, inherently, a continuous offense, having duration; and not an offense consisting of an isolated act. . . .

A distinction is laid down in adjudged cases and in text-writers between an offense continuous in its character, like the one at bar, and a case where the statute is aimed at an offense that can be committed *uno ictu.*

The *Blockburger* court then observed that,

Each of several successive sales constitutes a distinct offense, however closely they may follow each other. The distinction stated by Mr. Wharton is that 'when the impulse is single, but one indictment lies, no matter how long the action may continue. If successive impulses are separately given, even though all unite in swelling a common stream of action, separate indictments lie.' Wharton's Criminal Law (11th Ed.), § 34. Or as stated in note 3 to that section, 'The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately. . . . If the latter, there can be but one penalty.'

The *Blockburger* court thereafter observed, "[i]n the present case, the first transaction, resulting in a sale, had come to an end. The next sale was not the *result* of the original impulse, but of a fresh one—that is to say, of a new bargain [transaction]." (Emphasis added.)

The Court then cites for support *Ebeling v. Morgan*, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915). In *Ebeling,* the defendant was charged by a single indictment with seven violations of the same federal statute. Counts two, three, four, five, six, and seven alleged that on January 21, 1910, Ebeling "did wilfully, knowingly and feloniously tear, cut, and injure a certain bag then and there used for the conveyance of mails." Each count described a particular mailbag or pouch. Ebeling pleaded guilty and was convicted on the second count. His punishment was assessed at a fine and imprisonment for three years. He was likewise convicted on the remaining five

counts, and assessed the same punishment; however, the sentences in counts three, four, five, and six were to run consecutively with the sentence imposed on the second count while the sentence in the seventh count was to run concurrently with the remaining counts.

The *Ebeling* court had before it a statute which read, in part:

Whoever shall tear, cut, or otherwise injure any mail bag, pouch, or other thing used or designed for use in the conveyance of the mail, or shall draw or break any staple or loosen any part of any lock, chain, or strap attached thereto, with intent to rob or steal any such mail, or to render the same insecure, shall be fined ... or imprisoned....

The *Ebeling* court framed the issue before it, saying,

This case raises the question whether one who, in the same transaction, tears or cuts successively mail bags of the United States ... with intent to rob or steal any such mail, *is guilty of a single offense or of additional offenses because of each successive cutting with the criminal intent [culpable mental state] charged.* (Emphasis added.)

*Ebeling,* 237 U.S. at 628, 629, 35 S.Ct. at 711, 712.

As noted in *Blockburger,* 284 U.S. at 303, 52 S.Ct. at 181, the *Ebeling* court, after quoting the statute, stated that the language of the statute, "plainly [indicates] that it was the intention of the lawmakers to protect each and every mail bag from felonious injury and mutilation." 237 U.S. at 629, 35 S.Ct. at 712; and the Court in *Ebeling* further observed, "Congress evidently intended to protect the mail in each sack, and to make an attack thereon in the manner described *a distinct and separate offense.*" (Emphasis added.) *Id.*

Where but one statute is involved, a close reading of *Blockburger* and *Ebeling* teaches an important lesson: The Court in both *Ebeling* and *Blockburger* decided whether jeopardy protection was offended

by multiple convictions under *one* statute. The *Blockburger* court decided the issue solely on a factual basis, i.e., the two violations occurred at different times and hence clearly constituted separate and distinct offenses. The Court in *Ebeling* arrived at the same result, but on the basis of the language of the statute.

■ In our case, we must analyze jeopardy's protection under circumstances where an accused has been cumulatively punished for violation of the same statute by a single continuous act. If the lawmakers have expressed an intent to authorize the imposition of consecutive punishments in such a circumstance, then the accused in our case has no jeopardy protection, because neither the Double Jeopardy Clause nor Tex. Const. art. I, § 14, bars the creation and definition of offenses by the lawmakers.[5] *Brown v. Ohio,* 432 U.S. at 165, 97 S.Ct. at 2225. Where the legislature has defined an offense "that [definition] determines the scope of protection afforded by ... [the Double Jeopardy Clause]. Whether a particular *course of conduct* involves one or more distinct 'offenses' ... depends on the [legislative] choice." *Sanabria v. U.S.,* 437 U.S. 54, 70, 98 S.Ct. 2170, 2182, 57 L.Ed.2d 43 (1978). (Emphasis added.)

In the case before us, we must first decide whether the Texas Legislature intended that a single continuous act in violation of section 22.02(a)(1) *resulting* in serious bodily injury to two or more individuals constitutes a separate and distinct offense as to each individual, thereby authorizing separate and consecutive punishment.

Certainly there is no language in the statute explicitly so providing. Neither do we find language embodied in the statute providing such intention by necessary implication.

The Penal Code is to be "construed according to the fair import of [its] terms, to promote justice and effect the objectives [thereof]." Tex.Penal Code Ann. § 1.05(a) (Vernon 1974). The objectives of the code

---

**5.** The jeopardy "guarantee serves principally as a restraint on courts and prosecutors." *Brown,*

432 U.S. at 165, 97 S.Ct. at 2225.

are found in section 1.02 (Vernon 1974) which reads in part:

> The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:
>
> . . . .
>
> (2) by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;
>
> (3) to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;
>
> . . . .

Tex.Penal Code Ann. § 1.05(b) (Vernon Supp.1988) provides:

> (b) Unless a different construction is required by the context, Sections 311.011, 311.012, 311.014, 311.015, and 311.021 through 311.032 of the Code Construction Act (Chapter 311, Government Code) apply to the construction of this code.

Of particular significance are the provisions of Tex.Gov't Code Ann. § 311.012(b) (Vernon Supp.1988) which reads: "The singular includes the plural and the plural includes the singular."

It is axiomatic that the function of the courts is to determine legislative intent by sound interpretation of criminal statutes. The courts have no power to create or define offenses, that is the legislature's prerogative.[6] Tex.Penal Code Ann. § 1.03(a) (Vernon 1974). It is the duty of appellate courts, "to determine the meaning of the penal laws of this State [by] applying the statutory and judicially established rules of statutory interpretation." *Simon v. State,* 522 S.W.2d 929 (Tex.Cr. App.1975).

Assault, as defined under Tex.Penal Code Ann. § 22.01(a)(1) (Vernon Supp. 1988), is a lesser included offense of aggravated assault as defined in section 22.02(a)(1) (Vernon Supp.1988). Thus it is both appropriate and helpful to our construction of the latter to consider the entire wording of both statutes in our effort to determine the pertinent legislative intent.

Section 22.01 as it existed at the time of the offense in this case read:

> (a) A person commits an offense if the person:
>
> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse; or
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

Act of June 19, 1983, ch. 977, § 1.

> (b) An offense under Subsection (a)(1) of this section is a Class A misdemeanor unless the offense is committed by the owner or an employee of an institution described in Subsection (a), Section 2, Chapter 413, Acts of the 53rd Legislature, Regular Session, 1953, as amended (Article 4442c, Vernon's Texas Civil Statutes), or a person providing medical or psychiatric treatment at an institution described in that subsection, and the offense is committed by causing bodily injury to a patient or resident of an institution described in that subsection, in which event the offense is a felony of the third degree.

Act of July 22, 1977, ch. 2, § 1 (first called session).

> (c) An offense under Subsection (a)(2) of this section is a Class C misdemeanor unless:
>
> (1) the offense is committed by the owner or an employee of an institution described in Subsection (a), Section 2, Chapter 413, Acts of the 53rd Legisla-

---

**6.** *See Ratcliff v. State,* 106 Tex.Crim.R. 37, 289   S.W. 1072, 1075 (1927).

ture, Regular Session, 1953, as amended (Article 4442c, Vernon's Texas Civil Statutes), or a person providing medical or psychiatric treatment at an institution described in that subsection, and the offense is committed by threatening a patient or resident of an institution described in that subsection with bodily injury, in which event the offense is a Class B misdemeanor; or

(2) the offense is committed against a classroom teacher, counselor, principal, or other similar instructional or administrative employee of a primary or secondary school accredited by the Texas Education Agency while engaged in performing his educational duties, in which event the offense is a Class B misdemeanor.

Act of May 9, 1979, ch. 135, §§ 1 and 2.

(d) An offense under Subsection (a)(3) of this section is a Class C misdemeanor unless the offense is committed against a classroom teacher, counselor, principal, or other similar instructional or administrative employee of a primary or secondary school accredited by the Texas Education Agency while engaged in performing his educational duties, in which event the offense is a Class B misdemeanor.

Act of May 9, 1979, ch. 135, §§ 1 and 2.

Section 22.02, as it existed at the time of the commission of the offense in this case, read as follows:

(a) A person commits an offense if the person commits assault as defined in Section 22.01 of this code and the person:

(1) causes serious bodily injury to another, including the person's spouse;

(2) threatens with a deadly weapon or causes bodily injury to a peace officer or a jailer or guard employed at a municipal or county jail or by the Texas Department of Corrections when the person knows or has been informed the person assaulted is a peace officer, jailer, or guard:

(A) while the peace officer, jailer, or guard is lawfully discharging an official duty; or

(B) in retaliation for or on account of an exercise of official power or performance of an official duty as a peace officer, jailer, or guard; or

(3) causes bodily injury to a participant in a court proceeding when the person knows or has been informed the person assaulted is a participant in a court proceeding:

(A) while the injured person is lawfully discharging an official duty; or

(B) in retaliation for or on account of the injured person's having exercised an official power or performed an official duty as a participant in a court proceeding; or

(4) uses a deadly weapon.

Act of June 3, 1985, ch. 223, § 1.

(b) The actor is presumed to have known the person assaulted was a peace officer if he was wearing a distinctive uniform indicating his employment as a peace officer.

Act of June 14, 1973, ch. 399, § 1.

(c) An offense under this section is a felony of the third degree, unless the offense is committed under Subdivision (2) of Subsection (a) of this section and the person uses a deadly weapon, in which event the offense is a felony of the second degree.

Act of June 3, 1985, ch. 223, § 1.

As is obvious from a study of section 22.01, and the successive amendments made by the legislature during the years 1977, 1979, and 1983, the legislature took great care to define and grade offenses covered thereby in order "to give [citizens] fair warning of what is prohibited *and of the consequences of violation;* ...." (Emphasis added.) Tex.Penal Code Ann. § 1.02(2) (Vernon 1974), The same thing can be said of section 22.02. It seems fair to say, that if it so intended, the legislature could just as easily have provided in section 22.02 that where two or more individuals suffer serious bodily injury as a consequence of one single continuing proscribed act, that separate offenses would be committed, or that if two or more persons sustained serious bodily injury as a result of a single proscribed act, the offense would be subject to greater punishment. The legislature has done neither. Based on

the absence of such provisions, and our careful consideration of the objectives of the penal code, particularly section 1.02(2) and the applicable provisions of the Tex. Gov't Code, we conclude that the legislature did not intend by its enactment of section 22.02(a)(1), or by any amendment made thereto through the 1985 Regular Session, to provide that separate or cumulative punishment may be imposed on a defendant for each person receiving serious bodily injury as a consequence of the same proscribed conduct.

Having so concluded, we must now decide whether the cumulative punishment imposed here offends jeopardy's protection under the state and federal constitutions. To determine the issue we must decide whether, as a matter of constitutional law, the two offenses alleged in the two indictments are but one offense for jeopardy's purpose.

█ It seems clear that the same analysis applicable to jeopardy's protection against successive or multiple prosecutions for the same offense applies as well to jeopardy's prohibition against cumulative punishments for the same offense in a single trial. *Cf. Jeffers v. United States,* 432 U.S. at 152–154, 97 S.Ct. at 2216–2218. Therefore, absent a legislative intent to the contrary, a court is barred from imposing cumulative punishment for two or more convictions obtained in successive trials, or at a single trial if the subject offenses constitute only one offense for jeopary's purpose.

In *Bell v. United States,* 349 U.S. 81, 84, 75 S.Ct. 620, 622, 99 L.Ed. 905 (1955), the Court was confronted with the Mann Act which provided in part,

Whoever knowingly transports in interstate or foreign commerce ... any woman or girl for the purpose of prostitution or debauchery, or for any other immoral purpose....

Shall be fined not more than $5,000 or imprisoned not more than five years, or both. Section 2 of the Act of June 25, 1910, 36 Stat. 825, 18 U.S.C. § 2421.

The facts in *Bell* showed that the defendant transported two women "on the same trip and in the same vehicle." Bell was convicted on two counts, "each referring to different women." *Id.* at 82, 75 S.Ct. at 621. He was convicted on his guilty plea, but claimed he committed only a single offense and could not be punished cumulatively. The district judge rejected his jeopardy claim and sentenced Bell to consecutive punishments amounting to five years. The circuit court of appeals affirmed, concluding that " '[w]hile the act of transporting was a single one, ... the unlawful purpose must of necessity have been selective and personal as to each of the women involved.... We therefore believe that two separate offenses were committed in this case.' " (Citations omitted.) *Id.* at 82, 75 S.Ct. at 621.

Justice Frankfurter, writing for the majority, summarily rejected the reasoning of the circuit court. After concluding that although Congress, in its discretion could have "made the simultaneous transportation of more than one woman in violation of the Mann Act liable to cumulative punishment,...." it did not. Justice Frankfurter stated, "[all] doubt will be resolved against turning a single transaction into multiple offenses...." *Id.* at 84, 75 S.Ct. at 622.

█ Under the rationale in *Vitale; Ex parte Nielsen,* 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889); *Ex parte Peterson,* 738 S.W.2d 688 (Tex.Cr.App.1987); and *May v. State,* 726 S.W.2d 573 (Tex.Cr.App.1987), if a person be convicted of either a greater or lesser offense under *one statute,* he cannot be subjected to a subsequent prosecution or punishment for the other under a *separate statute* where one or more of the essential elements required to establish the first conviction must again be proved to support the second. *See Ex parte Peterson,* 738 S.W.2d at 691. Judge Davis, writing for the court in *Peterson,* observes that the court does "not touch upon the propriety of *double jeopardy analysis* involving criminal conduct violating one distinct statute twice. *See and cf. Ex parte Rathmell,* 717 S.W.2d 33 (Tex.Cr.App.1986)." Judge Davis' language might appear to express a belief, not supported by the text of *Rathmell,* that the decision in *Rathmell* rests

upon some jeopardy analysis other than a construction of the statute before the *Rathmell* court. Nonetheless, in our view, no sound argument can be made that the analysis for testing the scope of jeopardy's protection set forth in *Vitale* and *Nielsen* is not applicable here. In these cases before us, the two indictments allege the identical proscribed act. Thus, the State, in order to obtain convictions in both cases, was required to prove identical essential elements relating to Phillips' *conduct.* If anything, dual prosecution under one statute for the same conduct of the accused presents a better case for jeopardy's protection than does prosecution under two separate statutes where one or more common essential elements must be proved to establish the offense in each case. *See Bell v. United States,* 349 U.S. at 81, 75 S.Ct. at 621.

Therefore, because we are persuaded that the authorities discussed herein, as well as good sense and reason, dictate that the proscribed single reckless act here involved amounts to but one offense for double jeopardy purposes, and the cumulative sentences imposed are barred by the Double Jeopardy Clause and Tex. Const. art. I, § 14, Phillips' points of error are sustained.

Pursuant to Tex.R.App.P. 80(b), 81(c), we reform the judgment below in trial court cause no. 15,315–b by deleting therefrom the trial court's order that the sentence in that case is to run consecutively with the sentence pronounced in trial court cause no. 15,313–b, and order that the sentences imposed in both cases shall run concurrently. As reformed, the judgments below are affirmed.