IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







NO. 0469-99






ERIC JEROME GILMORE, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW


FROM THE ELEVENTH COURT OF APPEALS


TAYLOR COUNTY






 Womack, J., delivered the opinion of the Court, in which Meyers, Price.
Johnson, Keasler, Hervey, Holcomb, and Cochran, JJ., joined.
Keller, P.J., dissented



 The question in this case is whether assault by means of hitting with fists is included
within the offense of aggravated assault by means of stabbing with a knife. We hold that it is
not.

 A person commits a criminal offense only if the person voluntarily engages in
conduct. (1) Conduct includes an act, an omission, or possession. (2) An act is a bodily movement. (3)

 Most criminal offenses are committed only if the person engages in the conduct
with a culpable mental state, which may be intent, knowledge, recklessness, or criminal
negligence. (4)

 A person commits the offense of assault if the person, with the culpable mental state
of intent, knowledge, or recklessness, engages in conduct that causes bodily injury to
another. (5) Aggravated assault is an assault in which the actor's conduct either causes serious
bodily injury, or includes using or exhibiting a deadly weapon. (6)

 The appellant was indicted for the conduct of causing serious bodily injury by
stabbing the victim with a knife, and for conduct of using or exhibiting a deadly weapon,
namely a knife, and causing bodily injury by stabbing the victim with it. (7)

 Up to a point, the evidence was undisputed. A young woman was riding around with
her new boyfriend when they saw her old boyfriend, the appellant. There was a high-speed
automobile chase, after which the appellant entered the woman's car and punched the new
boyfriend in the head. The new boyfriend suffered a punctured abdomen and a lacerated
liver. The injuries apparently were caused by a knife, although no knife was found at the
scene. The parties differed on how these injuries were inflicted.

 The victim said the appellant stabbed him with a pocket knife. The appellant testified
that he did not have a knife, he did not stab the victim, but he did hit the victim, in the face,
three times with his fists. The appellant suggested that the victim might have stabbed
himself.

 The appellant objected to the court's charge to the jury because it did not contain a
charge on the lesser included offense of assault, and he "pray[ed] that the Court corrects
that Charge by including the instruction on the lesser offense of simple assault by hitting
[the victim] with his fist." The district court ruled that "assault by hitting with a fist  is not
a lesser included offense of stabbing somebody with a knife."

 The jury found the appellant guilty of aggravated assault and assessed his punishment
at twenty years' imprisonment. He appealed.

 The Eleventh Court of Appeals reversed because the court's charge did not include
the lesser included offense of assault.

 In determining whether a charge on the lesser included offense is
necessary, a two-step analysis is required. First the lesser included offense
must be included within the proof necessary to establish the offense charged.
Second, "some evidence must exist in the record that would permit a jury
rationally to find that, if the defendant is guilty, he is guilty only of the lesser
offense." Arevalo v. State, 943 S.W.2d 887, 889 (Tex. Cr. App. 1997);
Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Cr. App.), cert. den'd,
510 U.S. 919 (1993).

 Assault can be a lesser included offense of aggravated assault. Tex.
Code Crim. Proc. Ann. art. 37.09(1) (Vernon 1981); Phillips v. State, 790
S.W.2d 664, 668 (Tex. App.--Tyler 1988, no writ). The State charged
appellant with aggravated assault by two methods: by causing bodily injury to
the complainant with a deadly weapon and by causing serious bodily injury to
the complainant. The jury charge included both methods. Under these
particular facts, assault is a lesser included offense of aggravated assault.
Tex. Code Crim. Proc. Ann. art. 37.09(1) & (2) (Vernon 1981). Appellant
satisfies the first prong of the two-part test.


Gilmore v. State, No. 11-96-00383-CR, slip op. at 2 (Tex. App. -- Eastland Feb. 11, 1999)
(not designated for publication). We granted review.

 The court of appeals was correct when it said that assault is a lesser included offense
of aggravated assault; that is, an allegation of aggravated assault also includes an allegation
of assault. The indictment alleged two kinds of aggravated assault, as we have said, and each
kind included a lesser offense of assault. The allegation of the conduct of causing serious
bodily injury by stabbing the victim in the abdomen with a knife included the lesser offense
of causing bodily injury that was not serious by stabbing the victim in the abdomen with a
knife. The allegation of the conduct of causing bodily injury by stabbing the victim with a
knife that was a deadly weapon included the lesser offense of causing bodily injury by
stabbing the victim in the abdomen with a knife that was not a deadly weapon. But neither
allegation of stabbing the victim in the abdomen with a knife included the offense of hitting
the victim in the head with the fist. Hitting with the fist was different conduct, specifically a
different act, a different bodily movement.

 The indictment could have alleged aggravated assault by conduct that included a
combination of acts, such as stabbing with a knife and hitting with a fist. But it did not. The
indictment need not have alleged the conduct so specifically as causing injury by stabbing
in the abdomen. But it did.

 The trial court's ruling was correct. The conduct of hitting the victim's head with
the fist had not been indicted, and such an accusation was not being tried.

 We reverse the judgment of the Eleventh Court of Appeals and remand the case for
that court to consider the appellant's remaining points of error.


En Banc.

Delivered June 23, 2004.

Do Not Publish.
1. Tex. Penal Code § 6.01(a).
2. Ibid.
3. Id., § 1.07(a)(1).
4. See id., § 6.02. 
5. See id., § 22.01(a).
6. "A person commits an offense if the person commits assault as defined in Section 22.01 and
the person:

 (1) causes serious bodily injury to another, including the person's spouse; or

 (2) uses or exhibits a deadly weapon during the commission of the assault."

Tex. Penal Code § 22.02(a).
7. [O]n or about the 17th day of February, 1996, and anterior to the
presentment of this indictment, in the County and State aforesaid ERIC
JEROME GILMORE did then and there intentionally and knowingly
use a deadly weapon, to-wit: A KNIFE, that in the manner of its use
and intended use was capable of causing death and serious bodily
injury, and the said ERIC JEROME GILMORE did then and there
intentionally and knowingly cause bodily injury to [victim] by stabbing
him in the abdomen with said deadly weapon,

SECOND PARAGRAPH


 [O]n or about the 17th day of February, 1996, and anterior to the
presentment of this indictment, in the County and State aforesaid ERIC
JEROME GILMORE did then and there intentionally and knowingly
cause serious bodily injury to [victim] by stabbing him in the abdomen
with a knife.